Helwig v. Jordan.

## HELWIG v. JORDAN.

NUISANCE. — *Landlord and Tenant.* — *Injury to Third Person from Use of Demised Real Estate.*—Where the owner of real estate, on which was a kiln for drying lumber, leased said real estate, receiving rent therefor, knowing that the kiln would be used by the lessee for drying lumber, and knowing or having reason to believe that such use would be dangerous to the neighboring house of a third person, and said house was burned by fire communicated from said kiln in such use thereof by the lessee, said owner was liable to said third person for the injury so occasioned.

From the Marion Superior Court.

*Harvey & Mattler* and *Porter, Harrison & Hines,* for appellant.

*Taylor, Rand & Taylor* and *Beck & Sullivan,* for appellee.

BUSKIRK, J.—The appellee sued the appellant for the recovery of damages occasioned by the burning of plaintiff's house by a fire communicated from a dry-house for drying lumber.

The material facts presented by the record are these: The appellee was the owner of a certain lot in the city of Indianapolis, upon which was erected a dwelling-house and other buildings; that the appellant was the owner of certain lots in said city, separated from the lot of the appellee by an alley fifteen feet in width; that the appellant and one Jackson and one Rider were partners in the business of manufacturing furniture, which was carried on on the lots of the appellant; that in May, 1869, the appellant and his partners, for the purpose of seasoning and drying the lumber used in said business, erected on said lots a kiln for drying lumber, under which was a furnace for burning wood; that in September, 1869, the said partnership was dissolved by the appellant's withdrawing therefrom, the business being carried on by the said Jackson and Rider; that by the terms of said dissolution, the said Jackson and Rider became the owners of said drying-kiln; that at the time of such dissolution the appellant leased the said premises to the said Jack-

son and Rider for the term of three years, reserving rent therefor; that the interest of the said appellant in the said kiln passed to the said Jackson and Rider, in pursuance of the terms of said dissolution, as other personal property, and not as real estate; that the lease merely described the real estate, and then added, " together with the rights, privileges and appurtenances thereunto belonging, to have and to hold the same, for and during the term of three years," etc.; that the said Jackson and Rider took possession of the said premises and continued to occupy the same and use the said kiln until in July, 1870, when the same took fire and was burned up, from which fire was communicated to the buildings of the appellee, by means whereof they were destroyed.

The mere structure itself was not a nuisance or dangerous to any person, but its use and operation as a kiln, at the place where it was situated, was necessarily dangerous to the property of the appellee. There was no agreement, covenant or guaranty on the part of the appellant that his lessees should have the right to continue the use of the said kiln, nor does it expressly appear that he was to receive any rent or profit from the continued use of said kiln; but it does appear that he knew his lessees intended to continue the said business, and that such kiln was necessary to the successful operation thereof. He received rent for the entire premises, which included the kiln, and he is to be presumed to have known or to have reason to believe that his lessees would, under his lease, continue to use the same in the same manner in which it had been used and for the purpose for which it was constructed; and it is to be further presumed that he knew the danger which would result to the property of the appellee by such use.

The question, and the only one, which we are required to decide is, whether, under the facts and circumstances stated, the appellant is liable for the injury inflicted upon the property of the appellee.

This case is reported in 1 Wilson Superior Court Rep. 447. It was there held:

1. The common council cannot, by granting a building permit, thereby authorize the erection of a building to the injury of person or property.

2. One who erects a nuisance is liable for its continuance, as for a new nuisance, as long as it continues, and it is not in his power to release himself therefrom by granting it over to another.

3. One who demises his property for the purpose of having it used in such a way as must prove offensive to others may himself be treated as the author of the mischief.

4. One who erects a nuisance, and afterwards parts with the real estate upon which it is located, either by conveyance with a warranty or covenant that amounts to an affirmance of the nuisance and a grant of its continuance, or leases it on terms by which he derives a benefit or profit from its continuance, or leases his real estate, receiving rent therefor and knowing, or having reason to believe, that the use of the property for the purpose for which it is leased will prove to be injurious to the property of others, or become a nuisance, will be liable to an action for an injury resulting therefrom.

The question involved was quite fully considered in the court below, where the leading cases were cited and reviewed. We think the conclusion reached by the court below was correct. We do not deem it necessary to enter into a review of the authorities, but content ourselves with citing them.

*Roswell* v. *Prior*, 12 Mod. 635, also reported in 1 Lord Raymond, 713, and 2 Salk. 460; *Rich* v. *Basterfield*, 4 C. B. 783; *Rex* v. *Pedly*, 1 Ad. & E. 822; *Fish* v. *Dodge*, 4 Denio, 311; *Waggoner* v. *Jermaine*, 3 Denio, 306; *Blunt* v. *Aikin*, 15 Wend. 522; *Mayor, etc., of Albany* v. *Cunliff*, 2 Comst. 174; *Staple* v. *Spring*, 10 Mass. 74; *Hanse* v. *Cowing*, 1 Lansing, 288.

The last case cited is clearly distinguishable from the case in judgment. There, the person who had erected the nuisance had conveyed the title without a warranty or covenant that amounted to an affirmance of the nuisance or a grant of

its continuance, and parted with the possession before the injury complained of. Here, the appellant owned the real estate on which the kiln was erected. The kiln was erected by himself and his partners for partnership purposes. He sold his interest in the partnership to his partners, and leased the real estate on which the kiln was erected, and received rent therefor. The kiln, when used, was dangerous to the property of others. It is plainly inferable from the facts in the record that the appellant knew that the kiln would be used for drying lumber, and that such use would endanger the property of the appellee. He retained the title to the real estate and derived an income from the use thereof, including the kiln.

The judgment is affirmed, with costs.

PETTIT, J., was absent, and took no part in the decision of this cause.