(13 App. Div. 356.)

## MATTHEWS v. DE GROFF.

(Supreme Court, Appellate Division, First Department. January 22, 1897.)

1. NEGLIGENCE—DEFECTIVE COAL-HOLE COVERING—NUISANCE.
    A property owner, who maintains a coal hole in the sidewalk in front of her premises by permission of the city authorities, is liable to persons injured in consequence of the defective condition of the cover only in case such defective condition resulted from her (the owner's) negligence, and not on the ground that the coal hole was a nuisance.

2. SAME—LEASE BY OWNER—PROMISE BY LESSEE TO REPAIR.
    The liability of a property owner for injuries caused by a defective condition of a coal hole in the sidewalk in front of the premises is not affected by the fact that, at the time of the injury, the premises were in the possession of a lessee who had covenanted to repair, where the defect existed at the time of the lease.

Appeal from trial term, New York county.

Action by Alice M. Matthews against Mary I. De Groff, for personal injuries. The complaint was dismissed for trial, and plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

T. F. Hamilton, for appellant.
John M. Bowers, for respondent.

PATTERSON, J. This action was brought to recover damages for personal injuries. The plaintiff, while walking on the sidewalk in front of the premises No. 348 West Twenty-Second street, in the city of New York, fell through a coal hole or chute in front of said premises, and sustained serious injuries. This coal hole or chute was maintained as an appurtenance to the said premises, which were owned by the defendant, Mary I. De Groff, as trustee under the will of Christopher Varley. The accident occurred on the 23d day of June, 1894. The premises were then in the actual possession of a Mrs. Prendergast, the tenant of the defendant, who, as appears by stipulation in the case, entered into the possession of such premises on the 7th day of May, 1889, and remained continuously therein, under a series of written leases, each of which leases was for one year, and contained a provision that all repairs "that are or may become necessary in, to, or about said premises during

the term hereby granted" are to be done by the tenant at her own cost and expense. The accident to the plaintiff occurred in consequence of a defective covering to the coal chute. That covering was examined the day after the accident, and it was found that certain of its prongs were broken and worn, and that it was rusty, that two or three of the prongs were gone, and that there was no chain attached to the cover. Counsel for the plaintiff offered to show that the cover had been in this condition for several years prior to the date of the accident, but was not permitted to do so, and to the ruling of the court he duly excepted. He also offered to show, by an appropriate question, what the condition of the cover of the coal hole was in each of the years preceding the date of the accident, from and including the year 1890, which he was not allowed to do, and to the ruling of the court he duly excepted. The complaint was dismissed, presumably on the ground of a failure of the plaintiff to make out a case of negligence against the defendant, and from the judgment entered upon that dismissal this appeal is taken.

It is at once apparent, from the structure of the complaint, and from what transpired at the trial, that there can be no recovery in this action by the plaintiff unless negligence on the part of the defendant is shown. There is no cause of action, alleged in the complaint, founded upon the construction or maintenance of a nuisance in a public street. The distinction between nuisance and negligence in actions for damages for personal injuries is marked, and has been defined. What that distinction is, is sufficiently pointed out by the court of appeals in the case of Dickinson v. Mayor, etc., 92 N. Y. 584, and in this court in McConnell v. Bostelmann, 72 Hun. 239, 25 N. Y. Supp. 390. There being no allegation in this complaint of any positive wrong independently committed by the defendant in constructing or maintaining the coal hole without authority, the only right the plaintiff can have to recover must be based upon her showing that the defendant was under some duty or obligation to her, as one of the public entitled to the use of a safe street, and some neglect of that duty on the part of the defendant, in consequence of which neglect her injuries were sustained. It is upon that theory, evidently, that this action was tried, and to sustain it the plaintiff offered that evidence which was rejected by the court. The theory is a maintainable one, and the evidence sought to be elicited was pertinent and competent to the establishment of the fact of the neglect of duty, if such duty existed. That it did exist results, in the first place, from the relation in which the defendant stood to this appurtenance to property used as a dwelling house. The coal hole was located on the sidewalk near the area line of the house. It is not to be assumed, in this case, that it was placed there in violation of law. On the contrary, it is to be assumed that it was there by lawful authority. It is true that the owner of abutting property is not charged with the duty or obligation of keeping the sidewalk in front of his house in good order, so far as the general public is concerned. That is a duty

or obligation which falls upon the municipality having the control of the highways. But the duty or obligation to keep the sidewalk in reasonably good and safe condition is incumbent upon the city, and for a failure to observe that duty the city would, of course, be liable; and where an abutting owner avails himself of a privilege, which may be accorded to him, of placing something in or by the sidewalk which will serve as a convenience or easement to his premises, he becomes also charged with the duty to see that the place thus used is maintained in a safe and proper condition. This subject was considered in the case of Whalen v. Gloucester, 4 Hun, 27, which was an action against an owner of real estate for injuries resulting from the plaintiff's falling through a coal hole in the sidewalk on which there was a defective covering. In the opinion of the court in that case it is said:

"Assuming, and the assumption is for her benefit, that the defendant had permission to use the cover, as provided by the ordinances, the use of it necessarily imposed upon her the obligation to keep it in repair, fit for the purpose, and perfectly safe—as safe as the street itself should be—for the passer-by. A cover becomes a part of the highway or walk, and must be as secure to the wayfarer as the walk itself."

And again:

"The defendant, having sought permission to use the street or walk for her private benefit, took upon herself, in reference thereto, all the obligations imposed by law upon the corporation, which assumed a duty to the public, and must bear the burden."

It will be seen that this aspect of the case puts the ground of liability upon negligence, and not nuisance. There is a positive duty declared to exist on the part of the owner of the property. There is authority, therefore, in the case just cited, for the general proposition that the owner of property to which a coal hole in the sidewalk is appurtenant is under the obligation to keep the cover of that coal hole in a safe and proper condition, and a failure to discharge that duty constitutes negligence, and one suffering injuries from a breach of that duty is entitled to maintain an action against the person chargeable with that negligence. The allegations in this complaint were appropriate to the statement of such a cause of action. They do not proceed upon the theory that there was a wrongful invasion of the highway by the construction or maintenance of the coal hole, but that the liability of the defendant consisted only in her remissness in maintaining the cover of the coal hole in a safe and proper condition.

But it is urged on the part of the defendant that the nonsuit was properly granted because, at the time the accident occurred, the property was in the actual possession of a tenant, and that, not only was the landlord under no obligation to make repairs, but that there was an express stipulation in the lease to Mrs. Prendergast that she should make all repairs in or about the premises, which would include repairs to the cover of the coal hole. It seems to be the rule of law upon this subject that, where the premises are demised to a tenant who covenants to make repairs, the liability in a case of this character would not fall upon the landlord. Ed-

wards v. Railroad Co., 98 N. Y. 245 (an action for negligence); Wolf v. Kilpatrick, 101 N. Y. 146, 4 N. E. 188; Ahern v. Steele, 115 N. Y. 203, 22 N. E. 193 (actions proceeding upon the theory of a nuisance arising from premises or appurtenances to premises being out of repair).

Assuming, for the purposes of this action, that the general rule of law is as contended for by the respondent, yet there is an exception to that rule, which is applicable here, and that is that the owner or landlord is not relieved from responsibility, in demising premises to a third person, where, at the time of the demise, a vault or its appurtenances are insecure or out of proper repair. Anderson v. Dickie, 1 Rob. (N. Y.) 238. In that case, it was held that the owner of premises, having an area or vault under the highway in front thereof, was bound to provide a covering for an opening into such vault from the highway, so as to make it safe for persons to pass over or by it, and that, if he leased the premises without providing a cover with secure fastenings, he was liable for injuries sustained by a passer-by who fell into the opening, and that although the covering might have been deranged or removed by a tenant or a third person. And this seems to be a rule applicable both to cases of nuisance and negligence. There does not seem to be any good reason why the rule should not apply to both classes of cases.

In Clancy v. Bryne, 56 N. Y. 133, it was held that a landlord is not responsible for injuries to the occupant or the public during the continuance of a lease, if the premises are in good repair when demised, but afterwards become dangerous, unless he has expressly agreed to repair, or has renewed the lease after the need of repair has shown itself. That seems to have been an action for negligence, and was evidently treated as such by the court. In the opinion it is said:

"Assuming, for the present, that the pier was out of repair, that the ill condition of it caused the injury to the plaintiff, that there was negligence in permitting the pier to be out of repair, and that there was no contributory negligence on the part of the plaintiff, the occupant was liable to him for the damage which he suffered."

That shows that the case went upon the theory of negligence. And the court, in another part of the opinion, says: "Doubtless the question of the plaintiff's contributory negligence was in the case,"—which is another evidence that the rule of law laid down in that case was propounded to an action of negligence, and in that action of negligence the court applied the rule obtaining in a case of nuisance, and said:

"Generally speaking, the person responsible for a nuisance is he who is in occupation of the premises on which it exists. It may be that others may be also liable. Hadley v. Taylor, L. R. 1 C. P. 53. The defendant, we have seen, was not an occupier at the time. He rather was the lessee thereof, and stood in the position of landlord to the actual occupant and to third persons. As between him who is the landlord and owner, and him who is the lessee and occupant of the premises, there is, in general, no obligation upon the former to keep them in repair when he has made no express contract to that effect. And if the premises are in good repair when demised, and afterwards become ruinous and dan-

gerous, the landlord is not responsible therefor, either to the occupant or to the public, unless he has expressly agreed to repair, or has renewed the lease after the need of repair has shown itself. Todd v. Flight, 9 C. B. (N. S.) 377, and cases there cited."

The rule as laid down in cases of nuisance being applied to cases of negligence, what was held in Timlin v. Oil Co., 126 N. Y. 514, 27 N. E. 786, becomes pertinent, namely, that where the owner of premises knows, or in the exercise of diligence can ascertain, that they have upon them a nuisance dangerous to the public or an adjoining owner, it is his duty to abate it before leasing the property, and, if he leases it without doing it, he is liable in damages to one injured in consequence of it; and that is so although he did not create the nuisance. In that case it is said (and this meets one of the arguments of the respondent here):

"This does not impose the duty of constant care and inspection of premises upon an owner who has let them. It imposes upon him the duty of reasonable care to inform himself of the condition of the property which he proposes to let, and if, at the leasing, he knew, or if, in the exercise of reasonable care, he would become informed, of the fact that the property has upon it a nuisance dangerous to the public or to an adjoining owner, it imposes upon the owner and proposed lessor the duty to abate it before he leases such property, and, if he do not, it leaves him with a liability to respond in damages to any one injured in consequence of and by the nuisance."

The duty of this defendant was to make the appurtenances safe, but it is urged that no such duty or liability for its neglect was imposed upon her, because the tenant was in possession from May, 1889, continuously, until after the accident to the plaintiff happened. But the tenant was not in possession under one demise covering the whole of that period. There were new leases from time to time as each term expired. The owner would have been entitled to repossess himself of the premises at the expiration of each term but for the renewed lease. If Mrs. Prendergast had not become the tenant, but another party had become the lessee, or the premises had remained vacant, there would be no question of the duty of the landlord. We do not perceive that the duty is changed by reason of the new demise being made from year to year to the same party as tenant. The owner had the same right to enter upon the premises to observe their condition, and to make repairs, and the duty incumbent upon her was one to the public, or to the persons using the street; and when she had an opportunity and the right to enter upon the premises, even if that were necessary, to ascertain their condition, and she did not do so, she failed in the performance of that duty which she owed to third persons, or to the public, to see that this appurtenance to the premises, which by use and deterioration might become dangerous, was in a safe and proper condition, so that, when the tenant assumed the obligation to make repairs during the term, the owner would be absolved from the responsibility for its condition at the time the possession was taken or continued under the new demise.

We think, therefore, that the court below was wrong in rejecting the testimony offered to show the condition of the cover at the various times referred to in the question to which the court would

not permit an answer, and above referred to. We think the evidence was competent, and should have been admitted, and for these reasons the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.