(25 App. Div. 250.)

## COON v. FROMENT et al.

(Supreme Court, Appellate Division, First Department.　January 21, 1898.)

1. NEGLIGENCE—OBSTRUCTING SIDEWALK—COMPLAINT.

In an action for damages for personal injuries sustained by falling over a bundle of wire on the public sidewalk in front of defendants' premises, the complaint alleged that the defendants had wrongfully and negligently "caused or permitted" the sidewalk to become obstructed, and in a dangerous condition, and "caused or permitted" a quantity of wire to remain there, etc. *Held*, that in the light of the context the term "permitted" was not used merely in the sense of "passively suffered," but was intended to charge the defendants with affirmative action in creating or giving permission to continue a nuisance, and hence that the complaint was not demurrable as failing to state facts constituting a cause of action.

2. TORT OF AGENT—LIABILITIES.

Where a complaint, in an action against a principal and his agent, charges the creation or maintenance of a nuisance, not only the principal whose agent did the act complained of, but also the agent, for his own wrongful act in that regard, is liable.

Appeal from special term.

Action by Euphmia H. Coon against Frank L. Froment and others. From an interlocutory judgment overruling defendants' demurrer to an amended complaint, defendants appeal. Affirmed.

The demurrers are on the ground that the amended complaint does not state facts sufficient to constitute a cause of action, which is one for damages for personal injuries sustained by plaintiff from falling over a bundle of wire on the street sidewalk in front of the defendants' premises.　The material allegation is that "said defendant Frank L. Froment, as the agent, manager or employé of said defendant Lydia B. Froment, did, on the 11th day of May, 1897, and for a long time prior thereto had, wrongfully, negligently, and carelessly caused or permitted the sidewalk on and in front of said premises on Bank street to become obstructed, and in a dangerous condition; that he wrongfully, negligently, and carelessly caused or permitted a large quantity of wire to remain on and above said sidewalk, so that at the time of the grievance and injury to plaintiff hereinafter mentioned, on May 11, 1897, and for a long time prior thereto, said sidewalk and premises were in an unsafe and dangerous condition, to the knowledge of said defendants."

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Robert J. Mahon, for appellants.

John C. Kennedy, for respondent.

O'BRIEN, J.　The general rule that pleadings are to be liberally construed, and that they are not obnoxious to demurrer where a cause of action or a defense can be proved under them, it is claimed requires that, where a material allegation is in the alternative, it shall be taken in its weaker sense.　It is insisted that the language in the complaint that the defendants "caused or permitted," etc., is equivalent merely to an allegation that they "permitted" the wire to remain upon the sidewalk.　It is true that the sidewalk is under the control of the city authorities, and the duty devolves upon them to remove obstructions therefrom; and the fact that the owner or lessee of premises abutting on the sidewalk has not removed such obstructions would not create a liability against such owner or les-

see. City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937; Moore v. Gadsden, 87 N. Y. 84. In the latter case it is said:

"If, by reason of obstruction which it was the duty of the city or its officers to remove, it failed to do its office, the defendant cannot be made liable."

Liability with reference to obstructions on the sidewalk as against the owner or lessee must be predicated upon some duty which the person sought to be charged owed (Matthews v. De Groff, 13 App. Div. 356, 43 N. Y. Supp. 237), or by some affirmative act which results in the creation of a nuisance. The distinction between actions for nuisance and those for negligence is clearly pointed out in Dickinson v. Mayor, etc., 92 N. Y. 588, in the following language:

"The allegations in complaint tend to establish that the defendant neglected to perform a duty by not removing the ice and snow from the walk. This was not an averment for keeping, maintaining, and suffering a nuisance, but merely for negligence in not removing the ice and snow. The complaint was not for a positive wrong committed by the defendant, but for an injury sustained by reason of defendant's negligence. The authorities establish a distinction between an action for wrong and an action for negligence."

See, also, McConnell v. Bostelmann, 72 Hun, 238, 25 N. Y. Supp. 390, where the cases are collated and discussed.

There might, therefore, be some strength in the defendants' contention if the view that the word "permit" means simply that the defendants suffered or allowed the wire to remain on the sidewalk were to prevail. While it is true that the verb "to permit" is, in one sense, synonymous with "to suffer," "to allow," or "to let," it also is equivalent to "to give leave," "to license," "to warrant in writing," "to grant," "to empower," "to authorize," "to sanction"; and in reading the allegations of the complaint as a whole, it will be seen that what the plaintiff charges the defendants with is the creation or the giving permission to continue a nuisance. That this latter is the meaning which the plaintiff intended to give to the word "permit" is evident from the language preceding,—i. e. that the defendants "caused,"—which is indicative of an intention to charge the defendants with some affirmative action in having either placed the wire on the sidewalk or given permission to have it so placed; and it would be giving too narrow and technical a meaning, and would abrogate the rules in reference to construing pleadings liberally in order to support them, were we to hold that by the use of the word "permit" the plaintiff intended only to charge the defendants with suffering an obstruction which was placed by somebody else to remain on the sidewalk.

With respect to the separate demurrer of the agent, upon the view which we take that the complaint charges the creation or maintenance of a nuisance, not only the principal whose agent did the act complained of, but also the agent, for his own wrongful act in that regard, would be liable.

We think therefore that the demurrers were properly overruled, and the judgment appealed from should be affirmed, with costs, with leave to withdraw demurrers and answer over on payment of costs. All concur.