THE HARTFORD DEPOSIT COMPANY

*v.*

J. VERNON CALKINS *et al.*

*Opinion filed June 21, 1900.*

1. ACTIONS AND DEFENSES—*one cannot recover increased damages due to his own negligence.* One cannot recover for damages to his property from acts which he knowingly permits to continue without making a reasonable effort and taking active steps to prevent or stop them.

2. INSTRUCTIONS—*when error in instruction is not cured by remittitur.* Error in an instruction applying generally to several items of damage claimed in an action for injury to real property, cannot be cured, on appeal, by a *remittitur* as to any one of such items.

*Hartford Deposit Co.* v. *Calkins,* 85 Ill. App. 627, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Appellant erected a fourteen-story office building in the city of Chicago, upon premises adjoining those of which appellees were in possession as lessees. Upon the dividing line was a party wall, and it became necessary to strengthen the foundations of this, and run steel columns up through channels cut into this wall in order to support the additional weight of the new structure. As the channels for the steel columns were being cut it was discovered that the wall grew thinner with each story, and that the channels would break through into the rooms on the third and fourth floors of the appellees' building, which was four stories high and occupied as a hotel. It is claimed by appellant this discovery was made before appellees came into possession of the hotel as tenants, and that an agreement was made with the former tenant that all the rooms, seven in number, on the north side of the hotel should be closed, and that when the work was done the tenants should be paid for the loss of

the rooms at the accustomed rates. Appellees say they knew nothing of this arrangement, and that when they took possession no holes had been cut; that when this work was subsequently done, without their consent, the dust, smoke and cold air admitted through the openings resulted in continuous damage to their property and business. They claim to have made frequent complaints, and that finally an agreement was made that appellant should pay for all damage to property or business resulting from the work, of which appellees themselves were to keep the account, and it is contended the conditions complained of continued for more than six months. At the end of this time appellees, through their attorneys, sent a letter containing an itemized statement of the alleged damages, as follows:

| | |
|---|---:|
| Loss of the use of five rooms on the north side of the building on account of dirt, cold, noise, etc., making impossible to rent or use the same, 192 days at $7.50 per day for the five rooms | $1,440.00 |
| Loss of two other rooms on the north side of the building for 192 days, at $4 per day for said rooms | 768.00 |
| Damages caused the balance of their building from smoke, noise, dust and dampness, and the expense of additional coal and help to keep the house comfortable | 1,000.00 |
| Paper and hanging same in seven rooms | 50.00 |
| Muslin for seven rooms put on wood partitions | 25.00 |
| Calcimining and washing two upper floors of the house. | 75.00 |
| Total | $3,358.00 |

No part of the bill being paid, appellees began an action for damages in the Cook circuit court, the bill of particulars filed with the declaration setting forth the foregoing statement, with the additional item of "other damage and loss to plaintiff's business, $1500." Upon a hearing before a jury in January, 1898, a verdict was rendered in favor of the plaintiffs for $4029.60. The sum of $629.60 was remitted, and judgment was entered for the remainder, $3400. Upon appeal to the Appellate Court for the First District the judgment below was affirmed,

upon condition that appellees, within ten days, remit the further sum of $1000 from their judgment, otherwise the cause would be remanded for new trial. Appellees elected to accept the reduction of the judgment to $2400. Appellant brings the cause to this court upon further appeal.

CHARLES H. BALDWIN, for appellant.

HENRY T. HELM, and JOHN B. BRADY, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The only ground of reversal urged by appellant is that the trial court erred in modifying the following instruction asked by appellant:

"The jury are instructed that a person can in no case recover for damages to his business or property which he permits to go on knowing that it is going on, and without making every reasonable effort and taking active steps to prevent it or have it stopped. If you believe, from the evidence, that plaintiffs knew their premises were being damaged, and that they permitted the damage to continue when by their own efforts the damage might have been stopped or prevented, then the defendants are not liable for the damage so caused, and plaintiffs cannot recover in this suit for any such damage, *unless the jury further believe, from the evidence, that the defendant directed the plaintiffs not to do so.*"

The last clause, "unless the jury further believe, from the evidence, that the defendant directed the plaintiffs not to do so," was added by the court in modification of the instruction. The Appellate Court, in its opinion by Mr. Justice FREEMAN, properly disposed of this question, and what is there said with reference to this instruction may be adopted here:

"The instruction as presented to the court, and before its modification, stated, we think, substantially the correct rule of law and was applicable to the case in view of the evidence. The law requires that appellee should

make reasonable efforts at least to protect themselves from unnecessary injury, and they cannot recover damages occasioned by their own neglect. In *Hamilton* v. *McPherson*, 28 N. Y. 72, it is said by Judge Selden: 'The law, for wise reasons, imposes upon a party subjected to injury from a breach of contract, the active duty of making reasonable exertions to render the injury as light as possible. Public interest and sound morality accord with the law in demanding this, and if the injured party, through negligence or willfulness, allows the damages to be unnecessarily enhanced, the increased loss justly falls upon him.' It is said in *Hogle* v. *New York Central and Hudson River Railroad Co.* 28 Hun, 363: 'If it were in the plaintiff's power by reasonable efforts to prevent the increase of the wrong, he should use that power.' To the same effect are the cases, *Miller* v. *Mariners' Church,* 7 Me. 51; *Mather* v. *Butler Co.* 28 Iowa, 253; *Town Co.* v. *Leonard,* 46 Kan. 354. The modification complained of is, we think, erroneous. We find no evidence tending to show that the 'defendant directed the plaintiffs not to' make any effort to prevent the damages alleged to have been caused to the latter's premises, generally by smoke and dust and cold weather. The testimony of one of the appellees is, that the latter did not make any effort to shut off the exposed rooms from the rest of the building because they were told they could not do so by the contractor or a foreman; but the witness is not positive that the contractor did so tell him, and there is no evidence that either the contractor or any foreman had, or pretended to have, authority to so represent the appellant. The contractor testified that he had no foreman and that the work was all sub-let. No reason appeared why the rooms in question could not readily have been shut off from the rest of the house. Such statement, if made, could not justify appellees in neglecting their plain duty of protecting themselves, so far as they reasonably could, from unnecessary damage."

In Sutherland on Damages (vol. 1,—2d ed.—sec. 88,) it is said: "The law imposes upon a party injured by another's breach of contract or tort the active duty of using all ordinary care and making all reasonable exertions to render the injury as light as possible. If by his negligence or willfulness he allows the damages to be unnecessarily enhanced, the increased loss,—that which was avoidable by the performance of his duty,—falls upon him." It would be most extraordinary for one who had committed a tort to direct the injured party not to use the reasonable diligence imposed upon him to prevent an increase of the damage, and certainly there is no evidence in this record tending to show that the appellant did give any such direction. We concur, therefore, in the view of the Appellate Court that the modification was erroneous. But in our view it should work a reversal and remandment of the cause for another trial. We are unable to see how the Appellate Court, having found reversible error in the record, could, under the facts of this case, correct that error by assuming that it only affected the appellant to the amount of $1000. The instruction on its face applies to no particular item of damage. It may have induced the jury to include in its estimate of damage a part of the $1500 item set forth in the bill of particulars as well as the $1000 item. It may also have influenced the verdict as to the amount of damage done to the seven rooms. An error in an instruction applying generally to several items of damage claimed in an action cannot be cured by requiring a *remittitur* as to any one of those items.

We think the Appellate Court, in its conclusion as to the error in the instruction, should have reversed the judgment and remanded the cause for another trial, so that a jury, upon the instructions without error, might estimate and fix the damages.

*Reversed and remanded.*