## City of Garrett v. Winterich.

[No. 6,045. Filed February 19, 1909. Rehearing denied May 14, 1909. Transfer denied October 6, 1909.]

1. PLEADING.— *Complaint.*— *Municipal Corporations.*— *Defective Sewers.*—A complaint alleging that defendant city so negligently constructed its sewer as to force the water back upon plaintiff's premises, to his damage, is sufficient. p. 324.

2. NEGLIGENCE.— *Evidence.*— *Municipal Corporations.*—*Insufficient Sewers.*—Evidence showing that plaintiff's premises, whereon he had built his house and greenhouse, were properly drained by a sufficient sewer, that defendant city established another sewer, designed to drain a large area, and caused it to empty into the sewer that drained plaintiff's premises, with the knowledge that said sewer was too small to carry off the increased amount of water, by reason of which the water backed over plaintiff's premises five times within two years, to his damage, sufficiently establishes the city's negligence. p. 325.

3. NEGLIGENCE.—*Contributory.*—*Question for Jury.*—*Defective Sewers.*—Whether the plaintiff in an action to recover damages caused by the defendant city's negligent construction of a sewer, was guilty of contributory negligence in constructing his house and his greenhouse on his premises, is a question for the jury. p. 326.

4. EVIDENCE.—*Opinions.*—*Experts.*—*Capacity of Sewer.*—A city engineer having thirty years' experience, and who is familiar with the sewers in defendant city, is competent to testify as to the capacity of the sewer in question to carry off the water falling on the area drained thereby. p. 326.

5. EVIDENCE.—*Value of Flowers.*—*Damages.*—Where the plaintiff testified that he was acquainted with the value of flowers in Garrett, and that the depreciation in value of the flowers in his greenhouse because of the flood was a certain sum, the objection being that this was an improper measure of damages, an objection, on appeal, that such evidence was incompetent because the interrogatories and answers failed to fix the value of the articles at Garrett, is not well taken. p. 327.

6. EVIDENCE.— *Objections.*— *Specificness.*— Objections to evidence must be specific. p. 328.

7. EVIDENCE.—*Opinions.*—*Weather.*—*Records of Weather Bureau.*—Testimony of the rainfall for a certain year, by an official observer, is inadmissible, where it is not shown that the records are lost, or, are beyond the reach of the court. pp. 328, 332.

8. TRIAL.—*Instructions.*—*Municipal Corporations.*—*Defective Sewers.*—*Contributory Negligence.*—An instruction that the plaintiff in an action for damages caused by the backing of water from a negligently constructed sewer system, must have used ordinary care in arranging his greenhouse, and that he could not rely upon promises of repair made by the city officials, if such were made, and could not recover for any damages occurring by reason of his want of care, is properly refused, the element of knowledge of the danger being omitted, and the performance of duty by defendant being properly assumed by the plaintiff. p. 329.

9. MUNICIPAL CORPORATIONS.— *Defective Sewers.*— *Contributory Negligence.*—*Damages.*—*Minimizing.*—The plaintiff's failure to use ordinary care to minimize the damages caused by a defective sewer, after knowledge of the wrong causing the injury, precludes his recovery for such damages as should have been prevented. p. 331.

10. APPEAL.— *Rehearing.*— *Questions Presentable.*— Questions not raised on the original hearing of a case cannot be raised on a petition for a rehearing. p. 332.

From Dekalb Circuit Court; *Emmet A. Bratton,* Judge.

Action by Christ Winterich against the City of Garrett. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Mountz & Brinkerhoff* and *Daniel M. Link,* for appellant. *W. W. Sharpless, D. D. Moody* and *J. E. & J. H. Rose,* for appellee.

RABB, J.—This action was brought by the appellee to recover damages alleged to have been sustained by him, through

the negligent and wrongful acts of the appellant, in so constructing the sewers in said city as to cast water upon the premises of the appellee. A demurrer to the complaint was overruled, and an answer of general denial was filed. The cause was submitted to a jury for trial, and a verdict returned in favor of appellee. Appellant's motion for a new trial was overruled, and judgment rendered on the verdict. The errors assigned and relied upon for a reversal are the overruling of appellant's demurrer to the complaint, and its motion for a new trial.

The substantial averments of the complaint are that the appellant city was divided into two parts by the Baltimore and Ohio Railroad. In 1893 the appellant constructed a twenty-four inch sewer through the south division of the city, which drained that portion of the city. The sewer was denominated the "Main sewer." After the construction of the sewer the appellee purchased the premises described in his complaint, and constructed thereon a dwelling-house, greenhouse and outhouses, all of which were connected with said sewer. Afterwards appellant city so negligently devised and constructed a general system of sewerage in said city, known as the "North side sewer system," as to gather out of the natural and proper channels the surface-water that accumulated from rain and snow upon 300 or more acres of land, together with large bodies of stagnant and polluted water, and to convey the same into said Main sewer, with a fall and velocity of the current two and one-half times greater than the fall and velocity of the current in said Main sewer. Prior to the acts complained of the appellee had, through said Main sewer, free and easy drainage of his premises, and exit for all the water falling on or flowing over the same, and the wrongful act of the appellant in gathering together said body of water, diverting it from its natural channels, and causing it to flow into said Main sewer, as described in the complaint, caused the water to back up into and over appellee's premises, doing him damage.

While the plaintiff's complaint contains a vast number of repetitions, and an undue amount of verbiage, yet we think it avers sufficient facts to withstand a demurrer. It avers appellee's ownership of the property described in his complaint, the existence of a sewer that properly drained his premises, the negligent construction by the appellant of a system of sewerage connecting the same with the sewer that drained appellee's premises, whereby said sewer was overloaded and appellee's premises flooded, and the injury suffered by him in consequence.

The reasons assigned for a new trial in appellant's motion, and urged here as grounds for a reversal of the judgment, are, that the evidence is insufficient to sustain the verdict, and that the court erred in excluding certain evidence offered by appellant, in admitting certain evidence for the appellee, and in refusing instructions twenty-seven and thirty-one tendered by appellant.

There was evidence from which the jury was justified in finding that at the time appellee purchased the premises, the flooding of which is in controversy, and built his dwelling and greenhouses thereon, the drainage then provided by the city was amply sufficient properly to drain the same, and that afterwards appellant constructed a system of drainage for that portion of the city lying north of the Baltimore and Ohio Railroad, by which it gathered into a sewer all the water that fell on a large area, and cast it in a body into the sewer provided for the drainage of that portion of the city wherein appellee's premises were situate; that this sewer was entirely insufficient to convey the water thus cast into it and that which it was originally intended to convey in times of ordinary flood, and that, in consequence of such act of the appellant, the appellee's premises were flooded five times in the space of two years, and damage done to his property; that the city authorities were informed at the time of the construction of the North side sewerage system that the Main sewer was insufficient properly to carry the waters

of both systems. This was sufficient to establish the negligence of the appellant in the plan devised for the drainage of the city.

It is, however, contended that the evidence affirmatively shows that appellee was guilty of contributory negligence in constructing his greenhouse where he did, with the knowledge he had at the time of its liability to be overflowed. Whether he had knowledge of such liability was a question in dispute, and if he had such knowledge the question as to whether he was guilty of negligence, under all the circumstances, was for the jury. It has decided that question adversely to appellant.

3.

The court cannot say, as a matter of law, that appellee was guilty of negligence because he built his house on a muck bed which was drained, and which there is evidence tending to show he did not know, at the time he built his improvements, was subject to overflow, and which further tends to show that it was not overflowed for several years after he made his improvements, and not until the water from the North side sewer system was brought into the Main sewer, and this justified a finding of the jury that all the overflow appellee's property suffered was caused by that act.

The appellant's city engineer, Van Aukin, was examined on behalf of appellee, and, over the objection and exception of the appellant, was permitted to testify that in his opinion the appellant's sewer that drained that portion of the appellant city lying south of the Baltimore and Ohio Railroad, and in which the appellee's property, alleged to have been injured, was located, had not sufficient capacity to carry off the additional water thrown into it by the construction of the drainage system for the appellant city north of the railroad. It was shown that the witness was a professional civil engineer of thirty years' experience, had been the appellant's city engineer for a number of years, was its engineer at the time of the construction of the drainage system which it was claimed by appellee resulted in his dam-

4.

age, and was entirely familiar with the size of the drainage pipes and sewers that were in use at the time such improvement was made. As to whether the sewers and pipes were of sufficient capacity to drain the area they were called upon to serve, by the construction of the additional drainage system of the appellant that is claimed to have resulted in appellee's damage, was a question to which the opinion of expert civil engineers might properly be addressed, and there was no error in admitting this evidence.

The appellee testified in his own behalf in reference to his damages. He testified that he was acquainted with the value of flowers and plants in the city of Garrett, and was permitted to testify to the value of certain plants and beds of flowers in his greenhouse before the same was flooded, and the effect of the flood upon them. He was then asked what was their value in the condition the flood left them. This testimony was objected to on the grounds that it sought to establish an "improper measure of damages," and was not the proper method of arriving at the value of property injured or destroyed. Here the appellant insists that this evidence was incompetent for the reason that the interrogatories failed to fix the value of the articles at the place where it is claimed they were located at the time of the injury complained of. We think the testimony of the witness regarding the value of the plants and flowers must be taken as a whole, and when the interrogatory is read in connection with the one which immediately precedes it, that it must be taken to mean the value of the plants and flowers at Garrett. The witness had in that connection testified that he was acquainted with the value of plants and flowers at Garrett. There is nothing in the evidence that shows that the witness had any knowledge of the value of plants and flowers any place else than at Garrett; nor was the objection here made to the testimony specifically pointed out in the trial court.

It is essential to render effective objections taken to the

testimony of witnesses, or the introduction of evidence of any character, that the specific objections to the testimony shall be pointed out at the time the objection is made. This is required, not only that the trial court may have its attention directed to the particular objection to the evidence, but that the party tendering the evidence may know and understand the objection, in order that the objection may be obviated, if it can properly be done. Had the objection that is here insisted upon been stated in the court below, it could have been, and doubtless would have been, readily obviated by making the interrogatory more pointed and specific. We think no error intervened in overruling this objection.

It is also insisted that the court erred in sustaining appellee's objection to certain questions propounded to appellant's witness Kuhlman. The testimony of the witness disclosed that, at the time the injuries are alleged to have been suffered by the appellee, witness was an official United States government weather observer, stationed at Auburn, about three and one-half miles from Garrett; that he was furnished by the government with a rain gauge, by which the rainfall was measured; that it was his official duty to make daily observations of the weather, and record the same in an official record kept for that purpose by him. After these facts were elicited the witness was asked to "state what the rainfall was at your station in the month of June, 1902." Appellee's objection to the question was sustained.

In support of appellant's contention that this ruling of the court was erroneous, numerous authorities are cited, to the effect that the records kept by these government officials are competent to prove weather conditions at a given time in the vicinity of the place where the record is kept. Only the best evidence available to the party offering it is required by the law. The record of the weather conditions, which the witness was called upon to testify in reference to, were in-

comparably more to be relied upon than was the witness's memory of those conditions, after the lapse of several years. The official record made by the witness himself, being competent to prove the particular facts to which he was called upon to testify, should have been offered, or it should have been shown that the record could not be produced by the appellant. For this reason we think the court properly rejected the testimony.

It is contended that the court erred in refusing to give appellant's instruction twenty-seven. Such instruction reads as follows: "The plaintiff cannot excuse himself for failure to use reasonable and ordinary care in the arrangement of his greenhouse, or in the manner of placing the plants therein, by relying upon any promises of relief from further flooding of his premises made by the city of Garrett, or by any of its officers or agents, and if you find that there were promises of relief made by the city of Garrett or any of its officers or agents to the plaintiff, and that the plaintiff relied thereon, and because of relying thereon failed to use reasonable and ordinary care thereafter in the arrangement of his greenhouse and the placing of his plants therein, and that, by the exercise of such reasonable and ordinary care, the plaintiff could have prevented injury thereafter to his plants and greenhouse, then, in that case, plaintiff would be guilty of contributory negligence as to the injury resulting thereafter, and which he might have avoided and prevented by the exercise of such reasonable and ordinary care, and he had no right to rely upon any of said promises made by the city of Garrett, or of any of its officers or agents, and you should find for the defendant as to any such injury thereafter occurring."

We are referred to the case of *City of Valparaiso* v. *Ramsey* (1894), 11 Ind. App. 215, as being decisive of the question presented by the ruling of the court in refusing to give this instruction. In that case the following instruction was given: "And if you further find that promises to remedy

the sewer were made by authorized city officials, and that the plaintiff believed that said promises would be fulfilled, and was justified in so believing, then I charge you that during the time that plaintiff so believed in the fulfillment of said promises, and was reasonably justified in doing so as aforesaid, he is not to be charged with contributory negligence on account of any defects in the construction of the building or the arrangement of the premises.'' The court said, in holding this instruction erroneous: ''The appellee had no right to continue one of the concurrent causes of his injury, created by his own negligence, and then recover because appellant failed to remove, according to its promise, the other cause created by its negligence.'' The facts to which the instruction in that case applied are not presented by the report of the case, but the inference is plain that there was evidence in the case that the appellee had himself been guilty of some negligence in the construction of his building, which it was claimed was a concurring cause with appellant's negligence in creating the injury in the first instance.

The instruction in this case presumes the appellee's cause of action established, and relates not to negligence contributing to the injury, but to negligence in failing to minimize the damages after the injury had been sustained. It was the duty of the appellee to exercise reasonable care to minimize the damages which he might sustain on account of the wrongful acts of the appellant, and his failure to exercise such care would preclude his recovery for all damages suffered by him which might have been prevented by the exercise of due care on his part. But before appellee could have imposed on him the duty of exercising care to prevent damages from appellant's wrong, he must first have been chargeable with knowledge that the wrong would be committed. He was not bound to anticipate that it would be done. He had a right to rely upon the appellant's per-

formance of its duty. With reference to this question this court said, in the case of *Cromer* v. *City of Logansport* (1906), 38 Ind. App. 661: "Knowledge on the part of the injured party is an important and necessary element of his responsibility in this regard. He is not required to anticipate that the wrong will be committed, even though it has been threatened by the wrongdoer, or to forego the lawful use of his premises. It is sufficient for the injured party to exercise ordinary care and diligence in preserving his property after he has knowledge of the wrong."

The instruction under consideration leaves out of account any reference whatever to knowledge on the part of appellee that the wrong complained of would be committed. For this reason the instruction was properly refused.

Instruction thirty-one asked for by appellant and refused by the court, is also complained of. We think this instruction was properly refused. If the city was guilty of 9. the wrong complained of, and the appellee was entitled to recover damages, the only thing that would tend to affect his right to recover the full amount of all damages suffered by him on account of the wrong complained of would be his failure to exercise ordinary care to minimize his damage, and his reliance upon the promises of the city officers would have nothing whatever to do with reference to the subject. The question would be whether, after knowledge of the wrong that would inflict injury upon him, he took reasonable care to minimize his damage.

Appellee's instruction three, given by the court to the jury, is criticised. There was no error in giving this instruction. It is not mandatory in form, and simply stated to the jury the theory of appellee's case.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Watson, C. J., Comstock, P. J., Myers and Hadley, JJ., concur. Roby, J., not participating.

## ON PETITION FOR REHEARING.

RABB, J.—It is insisted in appellant's petition for rehearing in this case, that the court misunderstood its contention regarding the admissibility of the offered testimony of its witness Kuhlman in reference to the rainfall at the government weather signal station at Auburn, during the period of time appellee claims he was damaged by water wrongfully diverted upon his premises by the appellant; and that it was not what the records disclosed that was called for by the interrogatory to which appellee's objection was sustained, but the facts within the knowledge of the witness regarding the rainfall.

The appellant's contention was not misunderstood. The difficulty lies not in appellant's theory, but in the substance of the matters sought to be elicited by the interrogatory in question. It was shown that the witness Kuhlman was the government weather signal officer; that it was a part of his official duty to measure the rainfall, and keep a record of such measurements, and he was provided by the government with an instrument for this purpose. What the appellant's question sought to elicit was not the witness's personal knowledge about the rainfall, but facts of which he was required to keep an official record. The question was: "You may state what the amount of rainfall was at that station, as shown by the measurement made by you." What was shown by the measurement made by him was a matter of official record, and the record was the best evidence of these facts.

It is insisted that the twenty-third instruction, given by the court at the request of appellee, was an incorrect statement of the law, and that this court left this question undecided. The point sought to be raised now, in reference to this question, was not made in appellant's original brief, and, under the rules of this court, was waived.

Other questions urged upon our consideration by the able

brief appellant has presented in support of its petition for rehearing have been fully considered in the original opinion, and we are satisfied with the correctness of the court's view as there expressed.

Petition for rehearing overruled.