(December 22, 1922.)

## F. W. CHRISTENSEN, Respondent, v. HENRY C. GORTON, Appellant.

[211 Pac. 446.]

CONTRACT, BREACH OF—DAMAGES, MEASURE OF—DUTY TO MINIMIZE.

Respondent purchased a building and lot from appellant, who also owned a building which stood between respondent's building and lot. Appellant contracted to move his building in order that respondent's building could be moved directly on to his lot. Ap-

pellant breached his contract. Eighteen months later the passage of an ordinance creating a fire district rendered the removal of the building legally impossible. Respondent could have placed his building on his lot by taking it around appellant's building with but little additional cost and slight danger of damage to the building. The proper measure of damages for breach of contract, in such a case, is the difference between the cost of removal of respondent's building by taking it around appellant's building, and the cost of moving it directly across the lots, together with any damage that may have been sustained by the building by reason of moving it the greater distance.

APPEAL from the District Court of the Fifth Judicial District, for Caribou County. Hon. B. S. Varian, Presiding Judge.

Action for breach of contract. Judgment for plaintiff. *Reversed.*

J. M. Stevens, N. E. Snell and D. D. Mote, for Appellant.

Where there is a breach of a contract, either partial or entire, the party whose rights are violated is bound to take all reasonable steps to reduce his own loss and cannot recover damage which by reasonable care he might have prevented. (*Stoomvart Maatschaffy Nederlandsche Lloyd v. Lind,* 170 Fed. 918; *Chesapeake & Ohio Ry. Co. v. Kelly,* 241 U. S. 485, 36 Sup. Ct. 630, 60 L. ed. 1117; *Lillard v. Ky. Distilleries & Warehouse Co.,* 134 Fed. 168; *Sherman Center Town Co. v. Leonard,* 46 Kan. 354, 26 Pac. 717; 13 Cyc. 75; *Western Real Estate Trustees v. Hughes,* 172 Fed. 211; *Warren v. Stoddart,* 105 U. S. 224, 26 L. ed. 1117; *Bear Cat Mining Co. v. Grasselli Chemical Co.,* 247 Fed. 286; *Loker v. Damon* (Mass.), 17 Pick. 284; *Stillwell v. Hill,* 87 Or. 112, 169 Pac. 1174; *Hartford Deposit Co. v. Calkins,* 186 Ill. 104, 57 N. E. 863; *Kimball Bros. Co. v. Citizens Gas & Electric Co.,* 141 Iowa, 632, 118 N. W. 891; *Mabb v. Stewart,* 147 Cal. 413, 81 Pac. 1073.)

R. J. Dygert, for Respondent.

The principle requiring the injured party to mitigate his damages does not require him to anticipate that a wrong will be done by the other contracting party, and he has a right to expect and rely upon a performance of contract. (*Garrett v. Winterich,* 44 Ind. App. 322, 87 N. E. 161; *Cranor Smith Lumber Co. v. Frith* (Ky.), 118 S. W. 307; *Illinois Cent. R. R. Co. v. Doss,* 137 Ky. 659, 126 S. W. 349.)

BUDGE, J.—On January 22, 1917, appellant and respondent entered into a contract whereby the former sold to the latter a certain tract of real estate in the Village of Soda Springs and also a small frame building known as the Solo Cigar Store. When the contract was entered into the Eastman Drug Store building stood on land owned by appellant between the Solo Cigar Store building and the land purchased by respondent. According to the terms of the contract appellant agreed to move the Eastman building on or before June 1, 1917, in order that the Solo Cigar Store building might be moved directly across the intervening lots and placed upon the land purchased by respondent. Appellant failed to move the Eastman building until the latter part of February, 1919. On February 3, 1919, a fire district was created by ordinance of the Village of Soda Springs whereby the removal of the Solo Cigar Store building was prohibited. Some time prior to the passage of the fire ordinance, respondent was informed by one of the councilmen that the ordinance, in all probability, would be passed at the coming meeting on February 3, 1919. It also appears that appellant had a conversation with respondent in which he informed him that he had tried to get the Eastman building out of the way but that he could not do so. It further appears that one Eastman, the occupant of the Eastman building, went to respondent and offered to pay the difference in the cost of moving the Solo Cigar Store building around the Eastman building to re-

spondent's land and the cost of moving it straight across. It is also disclosed by the evidence that it would have cost but little more to move the Solo Cigar Store building into and along the street and back on to respondent's land and that this could have been done without serious damage to respondent's building. Some two years elapsed between the purchase of the building by respondent and the enactment of the fire ordinance. Respondent, after the enactment of the fire ordinance, brought this action against appellant to recover damages for breach of contract in failing to move the Eastman building. The cause was tried to the court and jury. Judgment was rendered in favor of respondent for $1,500. This appeal is from the judgment.

Appellant makes five assignments of error. The first two attack the action of the court in denying appellant's motion for nonsuit and directed verdict. Upon the authority of *Palcher v. Oregon Short Line R. Co.*, 31 Ida. 93, 169 Pac. 298, and *Stewart v. Stewart*, 32 Ida. 180, 180 Pac. 165, there is no merit in appellant's first and second assignments of error.

The remaining three errors assigned raise the question of the correct measure of damages, the contention of respondent being that the proper measure of damages was the difference between the value of the building upon appellant's land and the value of the building had it been placed upon his own land. With this contention we are not in accord. In our opinion the correct measure of damages would be the difference in the cost of removal of respondent's building as contemplated and the cost of its removal out into the street, thence sixty feet south and thence west on to respondent's land, if any, plus the damage, if any, sustained by the building by reason of its removal in this manner. It appears from the evidence that the building could have been removed by the longer route with slight, if any, additional cost and with little likelihood of the building being damaged to any greater extent than if removed directly across. It was therefore the duty of respondent to lessen appellant's damages by moving the

building around the Eastman building and on to his own property.

*Sherman Center Town Co. v. Leonard,* 46 Kan. 354, 26 Am. St. 101, 26 Pac. 717, is somewhat analogous to the instant case. The facts in that case disclose that the company entered into a contract with Leonard to move a building. The company breached its contract and Leonard sued for damages. In disposing of the case the court said: "If there was a breach of the contract, it was his duty, upon learning of it, to at once remove the building, or employ others to do so, and charge the cost of the removal to the town company. The law requires that the injured party shall do whatever he reasonably can, and improve all reasonable opportunities to lessen the injury. From the testimony it appears that Leonard could have procured others to move the hotel; and in such a case the ordinary measure of damages is the cost of removal, and the reasonable expenses of avoiding the consequence of the defendant's wrong."

In the case of *Warren v. Stoddart,* 105 U. S. 224, 26 L. ed. 1117, the rule is stated as follows: " . . . . where a party is entitled to the benefit of a contract and can save himself from a loss arising from a breach of it at a trifling expense or with reasonable exertions, it is his duty to do it, and he can charge the delinquent with such damages only as with reasonable endeavors and expense he could not prevent."

It is held in the case of *Stillwell v. Hill,* 87 Or. 112, 169 Pac. 1174, that: "The law imposes upon a party injured by another's breach of contract the active duty of using all ordinary care and making all reasonable exertions to render the injury as light as possible. If by his negligence or wilfulness he allows the damage to be unnecessarily enhanced, the increased loss, when it was avoidable by the performance of his duty, falls upon him. (*Sherman Center v. Leonard,* 46 Kan. 354, 26 Am. St. 101, 104, 26 Pac. 717; 8 R. C. L., sec. 14, p. 442.)"

In the text last cited the rule is laid down in the following language: "It is a fundamental rule that one who is injured in his person or property by the wrongful or negligent acts of another, whether as the result of a tort or of a breach of contract, is bound to exercise reasonable care and diligence to avoid loss or to minimize the resulting damage, and that to the extent that his damages are the result of his active and unreasonable enhancement thereof, or are due to his failure to exercise such care and diligence, he cannot recover."

In the case of *Kimball Bros. Co. v. Citizens' Gas & Electric Co.*, 141 Iowa, 632, 118 N. W. 891, it is held that: "A person injured by breach of a contract must make reasonable exertions to render the injury as light as possible, and he cannot recover for any loss which he might have avoided with ordinary care and reasonable expense."

To the same effect see *Atkinson et al. v. Kirkpatrick*, 90 Kan. 515, 135 Pac. 579; *Mabb et al. v. Stewart*, 147 Cal. 413, 81 Pac. 1073, and *Frick Co. v. Falk et al.*, 50 Kan. 644, 32 Pac. 360.

In the case of *Hartford Deposit Co. v. Calkins*, 186 Ill. 104, 57 N. E. 863, it is said: "In *Hamilton v. McPherson*, 28 N. Y. 72, it is said by Judge Selden: 'The law, for wise reasons, imposes upon a party subjected to injury from a breach of contract the active duty of making reasonable exertions to render the injury as light as possible. Public interest and sound morality accord with the law in demanding this, and if the injured party, through negligence or wilfulness, allows the damages to be unnecessarily enhanced, the increased loss justly falls upon him.' It is said in *Hogle v. Railroad Co.*, 28 Hun, 363: 'If it were in the plaintiff's power, by reasonable efforts to prevent the increase of the wrong, he should use that power.' "

It is respondent's contention that a party to a contract is not bound or expected to rely on the other party's breach until he has breached the contract or served notice of his intention to do so. Respondent admits that appellant came to him, subsequent to the time fixed within which he was

required to move the Eastman building, and in substance told him that he had tried to get Eastman out but that he could not do so. The only inference that could be drawn from that statement was that it would be necessary for respondent to move his building around the Eastman building rather than across the lots. The further fact that over a year elapsed between° the breach of the contract, together with the offer of Eastman to pay the difference in the cost of removal, was knowledge to the respondent of the breach. Therefore, he cannot bring himself within the principle that before one is required to exercise care to prevent damages from another's wrong he must first have been chargeable with knowledge that the wrong would be committed, and is not bound to anticipate that it will not be done but may rely upon the latter performing his duty. (*City of Garrett v. Winterich*, 44 Ind. App. 322, 87 N. E. 161, 88 N. E. 308; *Cranor Smith Lumber Co. v. Frith* (Ky.), 118 S. W. 307; *Illinois Central R. Co. v. Doss*, 137 Ky. 659, 126 S. W. 349.)

From what has been said it follows that the judgment must be reversed and a new trial ordered. Costs are awarded to appellant.

McCarthy, Dunn and Lee, JJ., concur.