(No. 5766. June 2, 1932.)

C. W. WHIFFIN, Respondent, v. DE TWEEDE NORTH-WESTERN & PACIFIC HYPOTHEEKBANK, Appellant.

[12 Pac. (2d) 271.]

Clarence T. Ward and William Healy, for Appellant.

Steele

Walter Griffiths, for Respondent, cites no authorities on points decided.

GIVENS, J.—Appellant owns certain land immediately west of respondent's land, through which a natural swale or drainage depression extends roughly from east to west.

During 1926 and 1927, appellant's lessees constructed a fill across the swale at the eastern edge of appellant's land, placing therein a culvert about twelve inches in diameter. This culvert became clogged, and caused respondent's land to overflow, for which suit was brought for crop damages for the years 1926, 1927 and 1928, and for permanent injuries to the land. The lease of the lessees who constructed the fill expired in November, 1927, and the land was leased to other parties for 1928.

The court instructed the jury there was no evidence that the landlord had participated in the construction of the obstruction, hence he was not liable for any damages during the years 1926 up to October, 1927, and no cross-appeal challenges such ruling. The jury awarded damages for crops and permanent injury in 1928.

In view of the fact that a new trial is to be had, we will merely observe that the evidence supporting such damages is extremely meager.

As soon as, or at least very shortly after, the landlord was notified of the nuisance in 1928, it abated it.

The court's instruction No. 3 was as follows:

"You are instructed that the evidence is uncontradicted that about October, 1927, the defendant executed a new

lease of its premises to other tenants and placed such other tenants in possession of said land. You are further instructed that the landlord assumed responsibility for the premises in the condition they were when it executed the second lease and placed the second tenant in possession thereof."

Appellant's requested instruction No. 2 was in part as follows:

"Unless you find that the fill in question was constructed by the defendant, or that the defendant participated therein then your verdict must be for the defendant unless you further find that the defendant was notified of the presence of such fill and that it was causing damage to the plaintiff and that the defendant was requested to remove it.

"If you find that the defendant was so notified then it would have a reasonable time thereafter in which to remove the obstruction and it would be liable only for such damages as occurred to the plaintiff after such notice was given and after the lapse of a reasonable time in which to remove the obstruction," and appellant assigns as error the giving of the one and the refusal of the other.

Respondent seeks to justify the one given on the theory that where a private nuisance is placed on the land by a lessee, which nuisance remains on the land after the expiration of the lease, when a new lease is entered into with the same or a different lessee, the landlord becomes responsible for the continuation of such private nuisance.

Appellant urges that such is the rule only in case the lessor knew, or should have known, or had notice, actual or constructive, of such private nuisance or dangerous condition.

A careful examination of numerous authorities reveals that where the landlord is held liable for a nuisance existing on the premises at the time of the lease, the landlord created the nuisance himself before leasing (*Canon City & C. C. R. Co. v. Oxtoby,* 45 Colo. 214, 100 Pac. 1127; *Grady v. Wolsner,* 46 Ala. 381, 7 Am. Rep. 593; *Pickens v. Coal R. Boom etc. Co.,* 51 W. Va. 445, 90 Am. St. 819, 41 S. E. 400); the

landlord had knowledge of the nuisance before leasing (*Dennis v. City of Orange*, 110 Cal. 16, 293 Pac. 865; *Ingwersen v. Rankin*, 47 N. J. L. 18, 54 Am. Rep. 109; affirmed, 49 N. J. L. 481, 10 Atl. 545; *Bailey v. Dunaway*, 8 Ga. App. 713, 70 S. E. 141); the landlord was held liable where the tenant created the nuisance by unusual or extraordinary use of the premises (*Fleischner v. Citizens' Real Estate & Inv. Co.*, 25 Or. 119, 35 Pac. 174); the landlord leased premises upon which there was a nuisance which would continue if they were used for the purpose and in the manner intended (*Helwig v. Jordan*, 53 Ind. 21, 21 Am. Rep. 189; *Calway v. Schaal & Son*, 113 Conn. 586, 155 Atl. 813; *Maloney v. Hayes*, 206 Mass. 1, 91 N. E. 911, 28 L. R. A., N. S., 200; *Brown v. White*, 202 Pa. 297, 51 Atl. 962, 58 L. R. A. 321); or the landlord assumed responsibility for repairs (*E. H. Beck & Co. v. Hanline Bros.*, 122 Me. 68, 89 Atl. 377).

Other cases[1] holding the landlord responsible, considered public or semi-public nuisances, and are therefore inapplicable herein.

An examination of *Baker v. Allen*, 66 Ark. 271, 74 Am. St. 93, 50 S. W. 511, a case quite similar in facts to the case herein, discloses that while the rule therein announced, though seemingly contrary to our holding herein, is based on *Ingwersen v. Rankin, supra*, in which the landlord had knowledge of the nuisance at the time of the lease.

*Ahern v. Steele*, 115 N. Y. 203, 12 Am. St. 778, 22 N. E. 193, 5 L. R. A. 449, holds that the lessor must have notice. With regard to the point herein considered, the court said:

"It is frequently said that a landlord who has demised premises with a nuisance thereon continues liable for the

---

[1] *East End Imp. Co. v. Sipp*, 14 Ky. Law Rep. 924; *Zak v. Craig*, 5 Misc. Rep. 275, 136 Atl. 410; *Lusk v. Peck*, 132 App. Div. 426, 116 N. Y. Supp. 1051; affirmed, 199 N. Y. 546, 93 N. E. 377; *Matthews v. De Groff*, 13 App. Div. 356, 43 N. Y. Supp. 237; *Whalen v. Gloucester*, 4 Hun (N. Y.), 24; *Hill v. Norton*, 74 W. Va. 428, Ann. Cas. 1917D, 489, 82 S. E. 363; *Larson v. Calder's Park Co.*, 54 Utah, 325, 4 A. L. R. 731, 180 Pac. 599.

nuisance although he did not create it, because it was a misfeasance to demise them in that condition. But it will be found that all, or nearly all, the cases in which this has been said are cases in which at the time of the demise the landlord had notice of the nuisance. In the case last cited (*Conhocton Stone Road v. Railroad Co.*, 51 N. Y. 573, 10 Am. Rep. 646) the defendant demised the premises with the nuisance thereon, and yet it was held not to be liable, because there was no proof of notice.''

From the above analysis the proper rule to be applied to the facts in this case is set forth in *Timlin v. Standard Oil Co.*, 126 N. Y. 514, 22 Am. St. 845, 27 N. E. 786, holding that if the landlord has had notice, knows, or by the exercise of reasonable diligence should have known, of the nuisance at the time of the lease, he is liable for the continuance thereof; otherwise not.

The instruction given in the instant case as applied to the facts herein is thus not sustained by the law. It was a question for the jury whether or not the lessor had notice, or knew, or by the exercise of reasonable diligence should have known, of the existence of the nuisance at the time of the lease to the second tenant in October, 1927, and the jury should have been so instructed.

While requested instruction No. 2 bears only on the question of notice, and does not go to the extent of knowledge as distinguished from notice, it nevertheless was correct to that extent, and the giving of instruction No. 3 and refusal of requested instruction No. 2 was prejudicial.

Instructions Nos. 4 and 5 as given should be modified in accordance with the above holding.

The court properly refused requested instruction No. 1, as it went beyond even the rule supported by appellant's authorities, namely, that one if he may reasonably do so must minimize damages. (*Jenkins v. Stephens*, 71 Utah, 15, 262 Pac. 274; *Christensen v. Gorton*, 36 Ida. 436, 211 Pac. 446.)

The other requested instructions complained of were properly refused, since they commented on the weight of the evidence.

Judgment reversed and cause remanded for a new trial, Costs awarded to appellant.

Budge, Varian and Leeper, JJ., and Winstead, D. J., concur.