E. N. T. SLOAN, Respondent, v. PETER SMITH, Appellant.

The granting a change of venue is discretionary with the court below, subject to review only in cases of gross abuse.

The peculiar condition of things in California is unfavorable to change of the place of trial, or delays in the administration of justice.

These applications often result in a loss of all the rights involved.

It will operate against the application, where the affidavit of the party shows, that all the witnesses of his adversary reside in the place from whence he applies to remove the trial.

The affidavit should state the facts in such a manner as to enable the court to draw its own inference, whether or not an impartial trial could be had in the particular case.   If it fail in this, it will not warrant the court in changing the venue.

APPEAL from the Superior Court of San Francisco.

This was an action brought for the recovery of the value of services rendered by the plaintiff to the defendant, as attorney and counsellor at law, in divers causes and suits, &c., in which defendant was a party, and for counsel, and advice, &c.

The defendant denied all the allegations of the complaint, and moved for a change of venue; and this was the only point considered in this court.   The affidavit of the defendant, on which the motion was based, set forth, that owing to a series of litigations in which he had been involved, affecting the title to certain real estate in the City of San Francisco, and to certain suits which he had prosecuted against the City of San Francisco, there exists in the said city and county, a prejudice in the public mind against him, to such an extent, that he verily believes he cannot obtain a fair trial; and therefore prays that the place of trial be changed to some other county.

The above affidavit was filed March 21st, 1853, and on the

6th April, 1853, defendant filed another affidavit, in which he further set forth, that this suit was brought for alleged professional services rendered by the plaintiff to the defendant, in the litigations above mentioned, and therefore, that the subject-matter of said litigation will necessarily come in question in ascertaining the value of said alleged services, and the prejudices existing against the defendant will be brought to bear injuriously against him, and deprive him of a fair trial. And further, that on a former trial, the jury could not agree, and were discharged; and that there is a very large body of lawyers in San Francisco, who are interested in sustaining a high rate of fees, and are strongly biased in favor of plaintiff, and against defendant, who exercise a powerful influence in exasperating the public prejudice and odium against defendant, many of whom are witnesses for plaintiff against defendant, in this action.

The above affidavit was sustained by the affidavits of six other persons, who testified to the prejudice against defendant.

Plaintiff filed a counter affidavit, in which he set forth that defendant was successful in all his suits heretofore, and that it was for the services rendered by him in these suits, that this action was brought, and that the public have no manner of concern in its result; that it has not been the subject of remark or comment; and from the nature of things, there can be no excitement or prejudice in the public mind, in relation thereto.

The court denied the application, and the cause was proceeded with to trial, in which the plaintiff recovered a judgment, from which the defendant appealed, and brought the above point before this court.

*Shattuck,* for appellant.

Prejudice is dangerous to the administration of public justice; it is intangible, and may be most oppressive; it is a matter of the mind, and influences the judgment. Of what evidence is its existence capable? Some States prescribe the evidence, but in no State, have the facts and circumstances constituting the prejudice been deemed necessary to prescribe. The affidavit of the party that he has reason to believe, and does believe, that a fair trial cannot be had, is all that is required in some States; to require the facts, would be to defeat the law in most cases.

But defendant has set forth facts, and he is sustained and corroborated by six or seven respectable citizens, and they stand uncontradicted. By the acts of 1853, p. 279, a justice of the peace, is directed to change the venue, if either party make affidavit that he has reason to believe, and does believe, that he cannot have a fair trial. The same rule in the absence of special legislation should prevail in the Superior Court, for the same legislature has prescribed it, and it cannot be inferred that any other rule was intended in any other court.

———, for respondent.

On a motion for change of venue, on the ground that a fair and impartial trial cannot be had, it must be made to appear to the court, by the statement of facts, that such trial cannot be had in the given case. It is not sufficient for the applicant to swear that he cannot, as he believes, have such trial. That is a conclusion of law for the court to draw from the facts. 11 Ohio Rep. 128; 12 Wend. 203, 290; 2 Wend. 250; 7 Hill, 148; 1 Cal. Rep. 382; Laws of 1850, p. 299, sects. 230, 231 and 232; Laws of 1853, p. 34, ch. 21.

It is not pretended that there was either prejudice or excitement, in reference to this suit, or the subject-matter of it.

MURRAY, Chief Justice, delivered the opinion of the court. HEYDENFELDT, Justice, concurred.

The main error relied on by the appellant, is the refusal of the court below, to grant a change of venue.

The affidavit states, that owing to certain litigations, in which the defendant had been engaged, a prejudice existed against him in the City of San Francisco, which would prevent him from having a fair and impartial trial, &c.

The power of granting a change of venue is discretionary with the courts below, subject to revision only in cases of gross abuse. The peculiar condition of this State, the daily fluctuations of property, and constant change of population, are unfavorable to changes of the place of trial, or delays in the administration of justice, and the experience of the past few years has shown, that these applications too often result in a total loss of all the rights involved. In addition to these considerations, the

defendant shows in his affidavit, that all the witnesses of the plaintiff were residents of San Francisco, and openly seeks to escape the effects of their testimony, by removing the cause.

The affidavit on its face was insufficient to warrant the court in changing the venue.   The facts should have been stated in such a manner, as to enable the court to draw its own inference, whether an impartial trial could be had in the particular case, admitting that a prejudice did exist in the community against the defendant.  That prejudice is not so connected in the affidavit, as to show any operation between the parties in this suit.

Regarding this as a discretionary power, coupled with the fact that the cause was then on the calendar for trial, and that this was the second application for a change of venue, we cannot come to any other conclusion, than that the court properly overruled the application.

There is no weight in the other errors assigned.

Judgment affirmed.