## EVERITT v. EVERITT.

[No. 4,008.    Filed October 7, 1902.]

DIVORCE.—*Custody of Child.—Former Adjudication.*—The court is not precluded from making provision for the custody and support of a minor child in a divorce proceeding by a former decree made in a *habeas corpus* proceeding fixing the custody of the child.

From Clark Circuit Court; *J. K. Marsh,* Judge.

Action by Emma J. Everitt against Eugene Everitt for divorce and custody of child. From a judgment for plaintiff, defendant appeals. *Affirmed.*

Everitt *v.* Everitt.

*G. H. Voigt* and *Lawrence & Cain,* for appellant.
*L. A. Douglass,* for appellee.

Comstock, J.—In December, 1898, appellee brought suit in the Scott Circuit Court against appellant for divorce, praying also for the custody of Lizzie Everitt, their only child. At the succeeding January term of court appellant filed a cross-complaint, and by agreement of parties the cause was continued until the next term of court. At the time of entering the continuance the court also entered an order giving the appellee the custody of the child until the further order of the court. At the next following term the cause was tried, and the court refused to grant either of the parties a divorce, finding for the appellant upon the complaint and for the appellee on the cross-complaint. Judgment was rendered accordingly. No further order was made at that time in reference to the child. On the 11th day of July, 1899, and after the rendition of the judgment in the divorce case, the appellee filed with the judge of the Scott Circuit Court a petition for a writ of *habeas corpus,* making the appellant and his father and brother defendants, and claiming therein the right to the custody of the child under the order made by the court during the pendency of the divorce suit. The writ was issued, and a trial resulted in an order of the court providing for the care and custody of the child. On October 25, 1899, the appellant filed a motion to modify the order, and the court, upon hearing, entered a modifying order providing definitely for the time the child should spend with each of her parents.

In December, 1899, in the Scott Circuit Court, appellee filed her present petition for divorce, alleging cruel treatment, drunkenness, and adultery, and praying for the custody of their infant child Lizzie. Upon change of venue the cause was put at issue, and tried in the Clark Circuit Court, resulting in a decree giving appellee a divorce

and the custody of the child. The errors complained of are the action of the court in overruling appellant's motion for a new trial and in overruling his motion to modify the decree striking out that part relating to the custody of the child. In the original suit for divorce the complaint filed December, 1898, charges appellant with cruel treatment and failure to make suitable provision for her support. In the complaint before us, filed December, 1899, in addition to cruel treatment, appellant is charged with adultery committed with various persons in the year 1899.

The reasons stated in the motion for a new trial are that the decision of the court is contrary to law, and is not sustained by sufficient evidence. There is evidence sustaining the charge of adultery, and to justify the finding that appellee is a suitable person to be entrusted with the custody of the child.

As to that part of the complaint which asks for the custody of the child, appellant, as we have stated, pleads former adjudication. It remains to determine whether the court erred in refusing to strike out of the decree the order awarding appellee the custody of the child; or, differently stated, is the judgment of the Scott Circuit Court in the *habeas corpus* proceedings conclusive until set aside or modified in said cause? Section 1058 Burns 1901, §1046 Horner 1901, makes it the duty of the court in decreeing a divorce to "make provision for the guardianship, custody, support, and education of the minor children of such marriage."

Since this appeal was taken the Supreme Court of this State, in *Stone* v. *Stone,* 158 Ind. 628, have held that it is the duty imposed upon the trial court to make such provision irrespective of the issues in the cause or the wishes of the parents because it springs from the public interest in the proper training and education of children. The opinion further holds that the court has a continuing jurisdiction during the minority of the child to make from time

Everitt *v.* Everitt.

to time such orders and modifications in reference to the care of minor children as are deemed expedient, and that a reservation in a decree so to modify the order is not essential; overruling *Sullivan* v. *Learned,* 49 Ind. 252, cited by appellee's counsel. The case is followed by this court in *Tobin* v. *Tobin, ante,* 382.

It has been frequently held that the decree of a court as to the custody of a minor child is never final. The writ of *habeas corpus* was asked upon the ground that appellant had disobeyed the order of the court in the former suit for divorce. The action was against appellant, his father, and brother upon an alleged disobedience of the order of the court made in the suit for divorce. The issues were not the same in the cause before us and in the *habeas corpus* proceeding. The decision in the *habeas corpus* proceeding was at most only conclusive in respect to the facts and circumstances then existing, and not as to such as might arise afterward. Hurd on Habeas Corpus (2d ed.), 462.

A parent shown at one time to be a suitable person to be entrusted with the care of a minor child may at another time, by his subsequent conduct, be shown to be totally unfit for the trust. Certain acts of adultery charged in the complaint before us were not in issue in the *habeas corpus* proceedings. They occurred subsequent to the institution of the proceedings last named. To hold that the right of either the mother or the minor child was concluded by such proceeding in an action affecting the marital relation of the parents would be an unwarranted application of the rule of estoppel.

There was no conflict of jurisdiction between the Scott and Clark Circuit Courts. Judgment affirmed.