(December 6, 1917.)

## JOHN PALCHER, Respondent, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant.

[169 Pac. 298.]

Motion for Nonsuit—Evidence—Liability of Railroad Company for Forcible Ejection of Trespasser on Train—Damages—Objectionable Statement of Counsel to Jury.

1. Where a motion is made for nonsuit at the close of the evidence on behalf of plaintiff, upon the ground that the evidence is insufficient to warrant the submission of the case to the jury, and the motion is denied, and evidence is thereafter offered by the defendant, such ruling of the trial court is not reviewable on appeal.

2. *Held,* that under the facts and circumstances disclosed by the evidence, when considered in connection with the liabilities imposed upon the appellant railroad company by sec. 2822, Rev. Codes, as

amended by ch. 188, Sess. Laws 1911, p. 620, the trial court com-. mitted no error in refusing to direct a verdict for the appellant.

3. Where counsel, during his argument to the jury, stated matter not within the record and at variance with the testimony of a witness, but upon objection requested the court to, and the court did, instruct the jury that their verdict must be based solely upon the evidence admitted during the trial; and the record contains no ruling of the trial court adverse to appellant touching the alleged misconduct of counsel, no exception is presented upon which error may be predicated, so as to entitle it to be reviewed.

[As to argument of counsel, misconduct in which calls for a new trial, see note in 9 Am. St. 559.]

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. James G. Gwinn, Judge.

Action for damages for personal injury. Judgment for plaintiff *affirmed*.

Geo. H. Smith, H. B. Thompson and N. D. Jackson, for Appellant.

''When damages arise from one of two causes, for one of which the defendant is responsible, and for the other of which it is not responsible, the plaintiff must fail if his evidence does not show that the damages were produced by the former cause; and he must fail also if it is just as probable that they were caused by one as the other.'' (*Powers v. Pere Marquette R. Co.*, 143 Mich. 379, 106 N. W. 1117.)

And under such circumstances a verdict will be set aside upon the ground that it cannot be supported by speculation or conjecture. (*Neal v. Chicago, R. I. & P. Ry. Co.*, 129 Iowa, 5, 105 N. W. 197, 2 L. R. A., N. S., 905; *Union Pac. R. Co. v. Fickenscher*, 74 Neb. 497, 105 N. W. 39, 110 N. W. 561.)

''Inferential evidence of negligence is overcome by defendant's undisputed testimony negativing negligence, so that, if plaintiff's case rests wholly on inferential evidence, the case should be taken from the jury.'' (*Richards v. Oregon Short Line R. Co.*, 41 Utah, 99, 123 Pac. 933.)

The jury may not arbitrarily disregard testimony of unimpeached witnesses supported by all the circumstances in the case. (*Haddox v. Northern Pac. R. Co.*, 43 Mont. 8, 113 Pac. 1119; *Sparks v. Bemis Bros. Bag Co.*, 62 Wash. 625, 114 Pac. 442.)

The judgment must be reversed because of misconduct of counsel. (*Goldstone v. Rustemeyer*, 21 Ida. 703, 123 Pac. 635; *Petajaniemi v. Washington Water Power Co.*, 22 Ida. 20, 124 Pac. 783; *McLean v. Hayden Creek Mining & Milling Co.*, 25 Ida. 416, 138 Pac. 331.)

The effect of remarks of counsel was substantially and by inference the same as commenting on excluded evidence, or of stating what counsel would have been able to prove had not the adverse party objected and the court excluded the evidence. (*Haynes v. Trenton*, 108 Mo. 123, 18 S. W. 1003; *Festner v. Omaha & S. W. R. R. Co.*, 17 Neb. 280, 22 N. W. 557; *Cook v. Doud*, 14 Colo. 483, 23 Pac. 906; *Southern Ry. Co. v. Shaw*, 86 Fed. 865, 31 C. C. A. 70; *Becker v. Philadelphia Rapid Transit Co.*, 245 Pa. St. 462, 91 Atl. 861.)

Soule & Soule, for Respondent.

"Where a motion for a nonsuit is made and overruled and the defendant introduces evidence to support his defense and makes a case upon the merits, the court and jury has a right to consider the whole case and the motion for a nonsuit is waived." (*Smith v. Potlatch Lumber Co.*, 22 Ida. 782, 128 Pac. 546; *Tonkin Clark Realty Co. v. Hedges*, 24 Ida. 304, 133 Pac. 669.)

On a motion by the defendant for a nonsuit after the plaintiff has introduced his evidence and rested his case, the defendant is deemed to have admitted all the facts of which there is any evidence, and all of the facts which the evidence tends to prove, and the evidence must be interpreted most strongly against the defendant. (*Culver v. Kehl*, 21 Ida. 595, 123 Pac. 301; *Shank v. Great Shoshone & Twin Falls Water Power Co.*, 205 Fed. 833, 124 C. C. A. 35.)

Where there is any evidence to support plaintiff's case, a motion for nonsuit or directed verdict should be denied.

(*Martin v. Dowd*, 8 Ida. 453, 69 Pac. 276; *Powers v. Pere Marquette R. Co.*, 143 Mich. 379, 106 N. W. 1117.)

BUDGE, C. J.—This is an action for damages alleged to have been sustained by respondent while riding upon one of appellant's freight trains as a trespasser on the 22d day of February, 1914. The case was tried before a jury, who returned a verdict for respondent for $2,999, upon which judgment was entered. This appeal is from the judgment.

It is alleged in the complaint: That while respondent was riding upon appellant's freight train as a trespasser and while the train was running at a high rate of speed an employee of the company, who with other employees was in charge of the train, and who with the knowledge and approval of appellant habitually exercised the duty of deciding who should and should not ride upon such trains and ejecting or not ejecting such persons accordingly, came along the train and found respondent, and after threatening conduct and language, wantonly, viciously, negligently and recklessly, and without regard for the rights or life of respondent, shot him, the bullet taking effect in his right forearm; and that as a result of the shock from the bullet respondent lost his hold and fell from the platform and the wheels of the cars passed over him, severing his right arm near the shoulder-joint and that he was severely injured about the head.

The answer admitted the character of the injury and that it was caused by some car or train of the appellant company, but denied the shooting of respondent or that any employee of the company had anything to do with ejecting respondent from the train, denied any neglect, wilfulness, wantonness or any disregard of the rights or life of respondent or that the injury was caused by anyone in its employ, and disclaimed any knowledge as to how the accident occurred.

The four assignments of error relied upon by appellant present three propositions: First, that the court erred in

denying the motion for nonsuit; second, that the court erred in denying the motion for directed verdict; and third, prejudicial misconduct of counsel.

The first assignment, predicating error upon the refusal of the court to grant a nonsuit at the close of respondent's case, is not well taken.   It must be regarded as settled law in this jurisdiction that "where a motion is made for nonsuit at the close of the evidence on the part of the plaintiff upon the ground that the evidence is insufficient to warrant the submission of the case to a jury, and the motion is denied and evidence thereafter offered by the defendant, the ruling of the trial court . . . . is not reviewable upon appeal. . . . . " (*Smith v. Potlatch Lumber Co.*, 22 Ida. 782, 128 Pac. 546; *Tonkin Clark Realty Co. v. Hedges*, 24 Ida. 304, 133 Pac. 669.)

In discussing the second assignment of error, namely, that the court erred in denying appellant's motion for a directed verdict, it will be necessary to review the evidence.   Appellant contends that the evidence failed to establish the material allegations of the complaint and that there was no evidence from which the jury might find that the person who shot respondent, if he was shot, was an employee of the railroad company engaged in the furtherance of the master's business.   On the other hand, respondent contends that there was ample evidence to establish all of these elements and that the evidence being conflicting, the verdict should not be disturbed under the rule so frequently announced by this court. At first impression it would seem improbable and well-nigh incredible that an employee of the railroad company would deliberately shoot a trespasser for the purpose of ejecting him from a rapidly moving train, or otherwise, but the evidence upon careful analysis would seem to be susceptible of such construction, and we are unable to say that the jury were not justified, under the evidence, in reaching that conclusion.

Respondent boarded the train at Monida, Montana, and rode to Humphrey, Idaho, where the freight train was sidetracked to permit the Oregon Short Line passenger train No. 1 to pass, after which the freight immediately pulled out

on its way south. That respondent was on appellant's train at the place and in the position to which he testified is corroborated by the witnesses Lane and Sellers, entirely disinterested, and the witness Piccone, who was at that time in the employ of the appellant company at Humphrey. The injury occurred about three-fourths of a mile south of Humphrey. Respondent testified that at this place a brakeman came over the top of the car and began cursing him and threatening him, and ordered him to get off of the train; that upon his refusal to do so the brakeman drew a revolver and fired it at respondent, the bullet taking effect in his right forearm; that he was holding on to the car with this hand; that the shock of the bullet compelled him to release his grasp, and that being unable to catch himself he fell; that the wheels ran over and severed his right arm; and that he received a number of bruises about the head and lay for some time in an unconscious condition. He was picked up shortly after by a helper engine and taken down to Dubois. From there he was taken to Sugar City and placed in a county hospital, where he was attended by Doctors Morefield and West. Both of the doctors made an examination of the severed arm and the wound in the forearm, and from the testimony of these doctors it is perfectly apparent that they reached the conclusion that the wound had been made by a bullet passing entirely through the arm.

All members of the train crew testified as witnesses. This crew consisted of the engineer, fireman and head brakeman, who were on the front of the train, conductor and the rear brakeman, who were on the rear end of the train. Each one of the crew testified that he had not seen respondent on the train, did not shoot him, did not eject him from the train, did not know he was on the train, and heard no shot. All of the crew testified that there was no one else on the train except the members of the crew. Under the circumstances disclosed by the evidence the only member of the crew who would have been in a position to testify positively of his own knowledge with respect to the matters testified to by respondent was the rear brakeman and, possibly, though not prob-

ably, the conductor.  The rear brakeman testified that he had been over the cars, covering the section of the train where the evidence showed respondent was, but that he never saw respondent.  That respondent could not positively identify the rear brakeman as the man who shot him does not appear to be unreasonable when taking into consideration the severity of the shock which he received at the time.  The evidence established, not merely by a preponderance, but as conclusively as may be, that somebody shot respondent.  The evidence on behalf of appellant to the effect that there was no one else upon the train except the members of the crew tends to corroborate respondent's testimony that some member of the crew shot him, and was properly considered by the jury in determining the fact.  That the train was moving rapidly is undisputed.

Sec. 2822, Rev. Codes, as amended by ch. 188, Sess. Laws 1911, p. 620, reads as follows:

" . . . . if any trespasser be found on any car or train, the conductor and employees of the railway company may put him and his baggage out of the cars or off the train, using no unnecessary force, at any station of the railway company operating such train, which is open at the time of such ejection, on stopping the train, but not otherwise.

"Any conductor or employee of any railway company violating the provisions of this section shall be guilty of a misdemeanor, and the railway company shall be liable for all damages caused thereby."

Under the facts and circumstances disclosed by the evidence, when considered in connection with the liabilities created by the above section of our statute, it cannot be said that the trial court erred in refusing to direct a verdict for the appellant.

In *McAlinden v. St. Maries Hospital Assn.*, 28 Ida. 657, 156 Pac. 115, this court said: "The court should not take a case from the jury upon a motion for a nonsuit or upon a motion to direct the jury to return a verdict for defendant, unless it appears that the evidence in plaintiff's behalf upon the most favorable construction that the jury would be at

liberty to give, would not warrant a verdict for plaintiff.''
To the same effect is *Keane v. Pittsburg Lead Min. Co.*, 17
Ida. 179, 105 Pac. 60.

This brings us to the discussion of appellant's last assignment of error, based upon the alleged prejudicial misconduct of counsel for respondent. This assignment is predicated primarily upon matters which arose during the argument. Witness Moore for the appellant had testified to a conversation had between himself and one of respondent's counsel, whom he identified as Frank Soule. During the argument H. W. Soule stated to the jury that Moore was mistaken when he said that he had talked to Frank Soule instead of himself, H. W. Soule. Upon the matter being called to his attention, Mr. Soule stated to the court that he believed the record was as Mr. Thompson said and asked the court to instruct the jury not to regard any statement of counsel not within the evidence. Thereupon the court instructed the jury, in substance, that their verdict must be based solely upon the evidence admitted upon the trial. In view of these facts and the further fact that there was no ruling of the trial court adverse to appellant, touching the matter of the alleged misconduct of counsel for respondent, the record presents no exception upon which error may be predicated, and so far as this assignment is concerned, it is not subject to be reviewed.

The judgment is affirmed. Costs awarded to respondent.

Morgan and Rice, JJ., concur.