(March 27, 1919.)

ELISE STEWART, Respondent, v. OWEN P. STEWART, Appellant.

[180 Pac. 165.]

MOTION FOR NONSUIT—FINDINGS—HABEAS CORPUS—CUSTODY OF CHILDREN—RES ADJUDICATA—EQUITY JURISDICTION—GROUNDS FOR DIVORCE ARISING IN ANOTHER STATE.

1. Where a motion for nonsuit, made at the close of respondent's evidence, is denied and appellant thereafter adduces his evidence, such motion is thereby waived and is not subject to be reviewed upon appeal.

Argument for Appellant.

2. *Held,* that the evidence adduced in the record on appeal in this case is sufficient to support certain findings of fact made by the trial court, and that such facts as found are sufficient to support the decree.

3. Where the trial court's findings of fact upon the affirmative case plead in the complaint are necessarily a complete negative of the case as plead by the answer, such findings are sufficient.

4. The decision of a court in a *habeas corpus* proceeding, whereby the custody of a child is awarded as between its parents, does not make the question of such custody *res adjudicata* where a subsequent change of conditions is shown, nor preclude the court in a subsequent suit for divorce between the parents from making a further decree in regard to the custody of such child.

5. Courts of equity possess a continuing jurisdiction over the custody of children and an inherent power to modify or annul orders in regard to custody, as the welfare of such children under changing conditions may demand.

6. Each state has an absolute right to prescribe what acts constitute grounds for divorce; and the fact that the acts, which constitute the grounds for divorce in an action instituted in this state, took place in another state where the parties were at the time domiciled, is no bar to the jurisdiction of the courts of this state to grant a divorce, if the complaining spouse has acquired a *bona fide* domicile within this state, by residence therein for the period required by law, whether or not the acts complained of were grounds for divorce in the state where committed.

[As to finality of *habeas corpus* proceedings, see note in **Ann. Cas.** 1916D, 506.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action for divorce. Judgment for respondent, awarding custody of children and alimony. *Affirmed.*

Bert W. Henry, for Appellant.

The evidence is insufficient to sustain the findings and decision of the court. (*Stoneburner v. Stoneburner,* 11 Ida. 603, 83 Pac. 938; *Brown v. Macey,* 13 Ida. 451, 90 Pac. 339.)

The findings and decision of the court are insufficient to

sustain the decree entered. (*Stoneburner v. Stoneburner,* *supra.*)

Full faith and credit must be given to the decree of the district court of Johnson county, Nebraska. (U. S. Const., art. 4, sec. 1; *Haddock v. Haddock,* 201 U. S. 562, 5 Ann. Cas. 1, 26 Sup. Ct. 525, 50 L. ed. 867, see, also, Rose's U. S. Notes; *Hilton v. Stewart,* 15 Ida. 150, 128 Am. St. 48, 96 Pac. 579.)

Unless there has been a material change of circumstances, a *habeas corpus* proceeding settles the custody of children, and the same will not be opened up in a subsequent application or adjudication. (Church, Habeas Corpus, 2d ed., sec. 387; 9 Ency. Pl. & Pr. 1071; 15 Am. & Eng. Ency., 2d ed., 213; 2 Spelling Extr. Rem., sec. 1198; *Cormack v. Marshall,* 211 Ill. 519, 1 Ann. Cas. 256, 71 N. E. 1077, 67 L. R. A. 787; *People v. Winston,* 34 Misc. Rep. 21, 69 N. Y. Supp. 452; *Bleakley v. Barclay,* 75 Kan. 462, 89 Pac. 906, 10 L. R. A., N. S., 230.)

John F. Nugent and Scatterday & Van Duyn, for Respondent.

The lower court did not err in denying motion for nonsuit. (*Tonkin-Clark Realty Co. v. Hedges,* 24 Ida. 304, 133 Pac. 669.)

"It is unnecessary to make a specific finding on a given issue where the findings of the court are inconsistent with a finding on that particular issue which would have been favorable to the complaining party." (*Mine & Smelter Supply Co. v. Idaho Consol. Mines Co.,* 20 Ida. 300, 118 Pac. 301.)

It was not necessary to allege that the acts of cruelty charged were committed within this state. (7 Ency. Pl. & Pr. 71; 7 Stand. Ency. Proc. 745.)

"The basis upon which an adjudication bars a further action is that the same question or matter was actually and directly in issue and judicially determined in the former suit between the same parties or their privies by a court of

competent jurisdiction." (*Keane v. Pittsburg Lead Mining Co.,* 17 Ida. 179, 105 Pac. 60.)

Even in a subsequent *habeas corpus* proceeding a judgment in a former similar proceeding is not *res adjudicata* where the facts and circumstances affecting the question of custody have changed. (Church, Habeas Corpus, 2d ed., sec. 387; 9 Ency. Pl. & Pr. 1071; 15 Am. & Eng. Ency. Law, 2d. ed., 213; 2 Spelling, Extr. Rem., sec. 1198; 10 Stand. Ency. Proc. 952.)

A decision in a *habeas corpus* proceeding awarding the custody of an infant, as between its parents, is at most conclusive in respect to the facts and circumstances then existing, and does not preclude the court from making a decree as to the custody of the child in a subsequent suit for divorce between the parents. (*Everitt v. Everitt,* 29 Ind. App. 508, 94 Am. St. 276, 64 N. E. 892.)

BUDGE, J.—This is an action for divorce. Judgment was entered in favor of respondent, granting her a divorce from appellant, and awarding her the custody of their three minor children, together with alimony. This appeal is from the judgment.

The first assignment of error attacks the ruling of the court in denying a motion for a nonsuit, made at the close of respondent's evidence. After this adverse ruling, appellant adduced his evidence. The motion for nonsuit was, therefore, waived and is not subject to be reviewed. (*Smith v. Potlatch Lumber Co.,* 22 Ida. 782, 128 Pac. 546; *Tonkin-Clark Realty Co. v. Hedges,* 24 Ida. 304, 133 Pac. 669; *Palcher v. Oregon Short Line R. Co.,* 31 Ida. 93, 169 Pac. 298.)

The second, third and fourth assignments attack the sufficiency of the evidence to support certain findings therein enumerated. An examination of the record satisfies us that the evidence is sufficient to support the findings complained of, and the facts as found are sufficient to support the decree.

The point sought to be made by the fifth assignment, that the court failed to find upon the issue presented by the answer that respondent was equally at fault, is without merit.

The court did find expressly as to every material fact in issue, and the facts so found negative the contention that respondent was equally at fault. The rule is that where the findings upon the affirmative case are necessarily a complete negative of the case as plead by the answer, such findings are sufficient. (*Mine & Smelter Supply Co. v. Idaho Consolidated Mines Co., Ltd.,* 20 Ida. 300, 118 Pac. 301; *Fouch v. Bates,* 18 Ida. 374, 110 Pac. 265; *Bowers v. Cottrell,* 15 Ida. 221, 96 Pac. 936.)

The burden of appellant's contention is that, since a decree had been entered by the district court of Johnson county, Nebraska, in a *habeas corpus* proceeding instituted by appellant against respondent and her father, where, by agreement, the court awarded the custody of the children to each of the parties hereto for alternate periods of two weeks, respectively, that decree may, under the full faith and credit clause of the federal constitution, be plead in bar in any subsequent proceeding so far as the custody of the children is concerned, and that the trial court erred in re-examining the issue as to custody.

We are of the opinion that the correct rule was announced by the supreme court of Indiana, to the effect that a decision in a *habeas corpus* proceeding, whereby the custody of a child is awarded as between its parents, does not make the question of such custody *res adjudicata* where a subsequent change of conditions is shown, nor preclude the court in a subsequent suit for divorce between the parents, from making a further decree in regard to the custody of such child. (*Everitt v. Everitt,* 29 Ind. App. 508, 94 Am. St. 276, 64 N. E. 892.)

Again, in Nelson on Divorce and Separation, vol. 2, sec. 980, in speaking of a foreign decree awarding custody, that author says:

"Such an order is not, however, *res adjudicata* as to the right of the state to determine the custody of the child. The decree of another state may be binding as to the parties, but the courts of each state will have the right to determine anew who shall be entitled to the custody of the child, and where its welfare requires, the court of the latter state may commit the custody of the child to a third person."

Courts of equity possess a continuing jurisdiction over the custody of children and an inherent power to amend, modify or annul orders of custody, which, in their nature, are but temporary, as the welfare of such children under changing conditions may demand. (*Seeley v. Seeley,* 30 App. D. C. 191, 12 Ann. Cas. 1058; *Re Alderman,* 157 N. C. 507, 73 S. E. 126, 39 L. R. A., N. S., 988, and note; *Re Bort,* 25 Kan. 308, 37 Am. Rep. 255; *People ex rel. v. Hickey,* 86 Ill. App. 20; *Wilson v. Elliott,* 96 Tex. 472, 97 Am. St. 928, 73 S.W. 946, 75 S. W. 368; *Morrill v. Morrill,* 83 Conn. 479, 77 Atl. 1; *Green v. Campbell,* 35 W. Va. 698, 29 Am. St. 843, 14 S. E. 212; *Kenner v. Kenner,* 139 Tenn. 211, 201 S. W. 779, at 783, L. R. A. 1918E, 587.)

The fact that the parties are becoming divorced, and the marriage status dissolved, is, of itself, a sufficient change of the facts and circumstances to justify the court in modifying or changing any order made respecting the custody of children, looking to their future welfare, since not only the relations but the legal status of the parties will be thereby changed. Again, the fact that the parties to this action are now living in different states, hundreds of miles apart, and that neither the state of Nebraska nor Iowa are now parties in interest, render the present facts and circumstances materially different from those which existed at the time the decree in the *habeas corpus* proceeding was entered. (*Kenner v. Kenner, supra.*)

Furthermore, the respondent in this action has acquired a legal domicile within this state, by residence therein for the period required by law. (C. L., sec. 2660.) She had a legal right to bring her action for divorce in the courts of this state, and the trial court has found, upon conflicting evidence, that she is entitled to the divorce she sought. Both of the parties and all of the children were in the jurisdiction of the court, the children having lived here in Idaho with their mother some four years prior to the time the action was begun. Under such circumstances and under the authorities above cited, it was not only the right, but the duty, of the court to make such order touching the custody of the minor

children as he deemed appropriate and best suited to their welfare in the premises.

The last assignment, predicating error upon the ground that the acts constituting the alleged cause of action occurred in the states of Nebraska and Iowa, and that the complaint fails to allege that such acts violated the laws of those states or were grounds for divorce therein, is equally without merit. The great weight of authority and the better reasoning supports the rule that each state has an absolute right to prescribe what acts constitute grounds for divorce, and the fact that the act or acts which constitute the grounds for divorce arose in another state, where the parties were at the time domiciled, is no bar to the jurisdiction of the courts to grant a divorce, if the complaining spouse has acquired a *bona fide* domicile, by residence for the period required by law, within the state where the action is brought, whether the act or acts complained of were grounds for divorce in the state where committed or not. The rule is stated by Mr. Justice Story, as follows:

"Upon the whole, the doctrine now firmly established in America upon the subject of divorce is that the law of the place of the actual, *bona fide* domicile of the parties, gives jurisdiction to the proper courts to decree a divorce for any cause allowed by the local law, without any reference to the law of the place of the original marriage or the place where the offense for which the divorce is allowed was committed." (Story, Conflict of Laws, sec. 329; *Hubbell v. Hubbell,* 3 Wis. 662, 62 Am. Dec. 702; *Tolen v. Tolen,* 2 Blackf. (Ind.) 407, 21 Am. Dec. 742; *Colburn v. Colburn,* 70 Mich. 647, 38 N. W. 607; *Ditson v. Ditson,* 4 R. I. 87; *Thompson v. Thompson,* 91 Ala. 591, 8 So. 419, 11 L. R. A. 443; *Shreck v. Shreck,* 32 Tex. 578, 5 Am. Rep. 251; *Cheever v. Wilson,* 9 Wall. 108, 19 L. ed. 604; note to Succession of Benton (La.), 59 L. R. A. 135, at 154, 155; 9 R. C. L. 398, sec. 192.)

The judgment is affirmed. Costs are awarded to respondent.

Morgan, C. J., and Rice, J., concur.