(No. 6566.   July 7, 1938.)

MAUD E. FINNELL, Appellant, v. BENJAMIN F. FIN-
NELL, Respondent.

[81 Pac. (2d) 401.]

T. P. Wormward and Ben F. Tweedy, for Appellant.

Wilbur L. Campbell and John L. Fitzgerald, for Respondent.

GIVENS, J.—Appellant and respondent, husband and wife, of mature years, with grown children and one minor child, a girl, had lived together in Idaho county until September, 1937, when appellant moved with the minor child to Shoshone county, where, in December she filed suit for divorce on the grounds of cruelty and failure to support, custody of the minor child, alimony, one-half of 160 acres of land adjoining the rented home in Idaho county, attorneys' fees and costs of suit.

Respondent demurred and opportunely (sec. 1–901, I. C. A.) sought, under sec. 5–404, I. C. A., change of venue to Idaho county in the Tenth Judicial District, his place of residence, granted by the trial court in Shoshone county in the first district. This appeal is from that order, in connection with which appellant asks for $250 attorneys' fees and $50 a month maintenance and support for herself and minor child and costs of this appeal.

The question herein of change of venue is not jurisdictional because if the action is brought in the wrong county the defect may be waived under I. C. A., sec. 5–405. (*State v. Jones,* 34 Ida. 83, 199 Pac. 645; *People v. Pinches,* 214 Cal. 177, 4 Pac. (2d) 771, 772; following *Warner v. Warner,* 100 Cal. 11, 34 Pac. 523.)

Section 31–702, I. C. A., allows separate domiciles after separation, but does not fix the venue in any particular county

where both spouses reside within the state. Hence, *Stewart v. Stewart,* 32 Ida. 180, 180 Pac. 165 and *Gorges v. Gorges,* 42 Ida. 357, 245 Pac. 691, do not apply.

█ It is true a divorce action in this state is *sui generis* (19 C. J. 22, sec. 23), with the marital relationship the status, the *res* of the action (*Gorges v. Gorges, supra*), ambulatory (*Stewart v. Stewart, supra*) with the person of one or the other of the spouses. Where the legislature has not desired the general venue statute to apply it has specifically fixed the venue, *vide*: Sec. 61–2467, I. C. A., income tax review; sec. 14–417, I. C. A., inheritance tax review; sec. 40–608, I. C. A., suit against insurance companies; sec. 8–501, I. C. A., supplementary proceedings. The statutes differ so in the various states that decisions and conflicting holdings under them are of little value in determining the correct rule herein and shed but little light. (19 C. J. 34 et seq.) Under statutes similar to ours however, where the question has been squarely presented and decided, the courts have uniformly held the defendant has the *right* to have the cause transferred to the county wherein he resides. (*Warner v. Warner, supra; Duffill v. Bartlett,* 53 Nev. 228, 297 Pac. 504; *Usher v. Usher,* 4 Cal. Unrep. 521, 36 Pac. 8; *People ex rel. Lackey v. District Court,* 30 Colo. 123, 69 Pac. 597, 598; *People v. Pinches, supra; Modine v. Modine,* 123 Cal. App. 67, 10 Pac. (2d) 776, 777; *Hockett v. Hockett,* 34 S. D. 586, 149 N. W. 550, 551, Ann. Cas. 1917A, 938.) If the wife as plaintiff could have the action tried at her domicile the husband, as plaintiff, could at his, and since the husband may be compelled to bear all the expense, sec. 31–704, I. C. A., the wife is as adequately protected in one instance as the other.

█ Section 31–702, I. C. A., not directly bearing on venue, and the above instances of specifying venue not indicating that the legislature intended by sec. 31–702, I. C. A., and sec. 31–715, I. C. A., to fix a venue different from sec. 5–404, under the above decisions the logical interpretation and the one least productive of confusion is to hold that a divorce action falls under sec. 5–404. This holding tends to maintain a uniform practice as to venue with regard to civil actions, section 1, article 5, Constitution of Idaho.

■ Respondent, therefore, had the right to have the cause transferred to Idaho county, the place of his residence, unless the trial court in Shoshone county abused his discretion in not retaining the action there because of appellant's showing of convenience of witnesses and minimization of costs. (*Spaulding v. Hoops*, 49 Ida. 289, 287 Pac. 947.)

All of the instances of cruelty and allegations of failure to support in appellant's complaint except the asserted support of herself and minor child in Shoshone county since September, 1937, involved transactions, happenings etc., in Idaho county. The only showing with regard to convenience of witnesses in opposition to respondent's request for a change of venue, aside from her working in Shoshone county was as follows:

"5. That it would very much inconvenience her for any Change of Venue to be made in said action, and that she opposes the same.

"6. That her witnesses reside in Shoshone County and for that part, defendant has no material witnesses to any issue involved in said action residing in Idaho County, Idaho, or elsewhere, to the best knowledge and belief of plaintiff.

"7. That, provided, defendant desires to contest the within action, he is in a much better position to travel to Wallace, Idaho, than plaintiff is to travel to Grangeville, Idaho, for the reason that plaintiff is without funds and is only earning barely enough to provide the bare necessities of life for herself and said minor child."

She also alleges as follows:

"That a property settlement has been made between said parties in regard to the above property, as well as all property existing between said parties, and which is satisfactory to plaintiff."

■ She does not name her witnesses, or if there are witnesses in Shoshone county, state whether they will be able to testify as to transactions in Idaho county, and this showing under subdivision 3 of sec. 5-406, I. C. A., does not state sufficient facts to show that the trial court abused his discretion in not retaining the cause in Shoshone county. (*Sloan v. Smith*, 3 Cal. 410; *Hills v. La Due*, 5 Colo. App. 248, 38 Pac. 430; *Denver & R. G. R. Co. v. Cahill*, 8 Colo. App. 158,

45 Pac. 285; *Grant v. Bannister,* 145 Cal. 219, 78 Pac. 653; *Schilling v. Buhne,* 139 Cal. 611, 73 Pac. 431; *Plum v. Forgay Lumber Co.,* 118 Cal. App. 76, 4 Pac. (2d) 804; *Plum v. Newhart,* 118 Cal. App. 73, 4 Pac. (2d) 805; *Dawson v. Dawson,* 92 Mont. 46, 10 Pac. (2d) 381; *Barnett v. United Oil Co.,* 5 Cal. App. (2d) 175, 42 Pac. (2d) 656.)

■■ It is apparent from the showing *pro* and *con* as to appellant's request for attorneys' fees and costs in the appeal herein that neither party have means of any considerable extent and that litigation is a burden to both. The wife, however, has the right to have her interests presented and protected and sec. 31–704, I. C. A., contemplates the husband must, if possible, at least help bear the expense. (*Bedke v. Bedke,* 56 Ida. 235, 53 Pac. (2d) 1175.)

It is therefore ordered that respondent pay the district court clerk's costs of the preparation of the transcript herein and costs in this court and $75 attorneys' fees on this appeal and $12 a month for the support and maintenance of the minor child until further order by the district court.

The order changing the place of trial to Idaho county is affirmed.

Holden, C. J., and Ailshie and Budge, JJ., concur.

MORGAN, J., Dissenting in Part.—I dissent from that part of the foregoing decision which orders respondent to pay maintenance, costs and attorneys' fees. The appeal is without merit. The right to a change of venue in this case is statutory and appellant should not be rewarded for appealing from the order granting it.

Petition for rehearing denied.